Kelly, C.J.
(concurring). Defendant, an independent insurance agency, had an agreement with nonparty Citizens Insurance Company of America (Citizens), whereby defendant wrote and sold insurance contracts for Citizens. Defendant sold a Citizens insurance policy to plaintiff that was in effect when a fire destroyed plaintiffs business facility. Plaintiff made and settled an insurance claim against Citizens and released Citizens and its “agents” from any actions relating to events that occurred before the execution of the release. Later, plaintiff sued defendant, claiming that the coverage that defendant had advised it to obtain was inadequate. Defendant moved for summary disposition, arguing that the language of the release unambiguously barred plaintiffs claim. The trial court denied the motion, and the Court of Appeals affirmed.
On appeal to this Court, defendant asserts that the lower courts erred. The release in question states, in pertinent part:
In consideration of... payment... the Undersigned do hereby release and forever discharge Citizens ... and each of its servants, agents, adjusters, employees, attorneys, related companies, parent *908 companies and subsidiaries of and from any and all claims, debts, dues, actions, causes of action, and demands which the Undersigned now have or may have against the ... Releasees for or on account of any matter or thing that has at any time heretofore occurred .... [Emphasis added.]
The trial court concluded that a factual issue exists about whether defendant was an agent of Citizens, of plaintiff, or of both, and whether the release extinguished defendant’s liability to plaintiff. The trial court also noted that it was “impressed that [plaintiff] had no knowledge of the written agency agreement [between Citizens and defendant] when it signed the release.”
The Court of Appeals agreed with the trial court. It held that, when an independent insurance agent facilitates the sale of an insurance policy, it is considered an agent of the insured; it is not an agent of the broker.[1] Accordingly, defendant had a primary fiduciary duty of loyalty to plaintiff. On that basis, the Court of Appeals affirmed the trial court and held that a factual question exists regarding whether the release exempted defendant from liability.
I agree with the trial court and the Court of Appeals. West American Ins Co is persuasive in that, because defendant was acting as an independent insurance agent when it assisted plaintiff, its primary fiduciary duty of loyalty was owed to plaintiff. Plaintiff could therefore depend on this duty of loyalty to ensure that defendant was acting in its best interest. This included finding an insurer that could provide plaintiff with comprehensive coverage and ensuring that the insurance contract properly addressed plaintiffs needs. Thus, because defendant was an agent of plaintiff, not Citizens, the release did not free defendant from liability. As the Court of Appeals aptly pointed out:
Were we to hold otherwise, we would have to conclude that plaintiff!], in signing the release of Citizens and its agents, intentionally released their own agents (defendants) regarding the very transaction for which defendants owed plaintiffs the primary duty of loyalty and expertise. Such a conclusion would violate reason and common sense.[2]
I believe that the Court of Appeals correctly held that whether defendant is a “related company” of Citizens within the meaning of the release is a question of fact. The term “related company” is not defined in the release. It could have several meanings. Thus, a factual determination is necessary to resolve whether the parties intended defendant to be released from liability as a “related company.”
*909 Finally, I believe it is appropriate to deny leave to appeal in this case because plaintiff was unaware of the relationship between defendant and Citizens. It makes no sense to construe the release as extinguishing defendant’s liability when plaintiff was unaware of the underlying relationship.
For these reasons stated, I believe that the Court of Appeals analysis is correct. The trier of fact could ultimately determine that the release covered defendant. However, I do not believe that the Court should substitute its judgment for that of the trial court or play the role of fact-finder. The case should proceed to trial. Accordingly, I concur in the Court’s decision to deny leave to appeal.

 Genesee Foods Services, Inc v Meadowbrook, Inc, 279 Mich App 649, 659 (2008), citing West American Ins Co v Meridian Mut Ins Co, 230 Mich App 305, 310 (1998).

 Id. at 657.