# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 3, 2009

136442 & (59)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SANDRA J. STOUT,
          Plaintiff-Appellee,

v

CHRISTINA WITHROW,
          Defendant,

and

CAROL WILLIAMS-NAKONECZNY and
CENTURY 21 REAL ESTATE 217,
          Defendants-Appellants.
_____/

SC: 136442
COA: 271632
Lapeer CC: 02-031737-CH

On order of the Court, the motion to file brief amicus curiae is GRANTED. The application for leave to appeal the February 14, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I dissent and would grant leave to appeal. Plaintiff offered to purchase a farmhouse after receiving a copy of the seller's disclosure statement, which advised plaintiff to obtain an inspection of the property. The offer was accepted, and plaintiff signed a purchase agreement wherein she agreed to purchase the property "as is" with no warranties, express or implied, from the seller or the real estate agent. Plaintiff also expressly waived a home inspection, and at the closing signed a "Purchaser's Satisfaction," in which she stated that she had examined the property, accepted it in its present condition, would hold harmless the realtor and its agents for any structural defects, "including sewer, septic, well, etc," and that there were no other agreements, "oral or otherwise," beyond those set forth in the purchase agreement.

Soon after moving in, plaintiff discovered several structural problems with the sewer, septic system, and well. She sued the seller, the real estate firm, and its agent, settling only with the seller. The real estate firm and its agent filed a motion for summary disposition based on the release. Plaintiff opposed this motion, asserting that the agent had orally stated that it was unnecessary to obtain an inspection because the house was in "top-notch" condition. The trial court denied defendants' motion, and a jury verdict was rendered in plaintiff's favor. The Court of Appeals affirmed, holding that the agent's oral misrepresentations regarding the condition of the property amounted to "fraudulent or overreaching conduct" in procuring the release such that there was a question of fact whether the release was enforceable. Unpublished opinion per curiam, issued February 14, 2008 (Docket No. 271632), p 4.

What is significant here is that plaintiff: (a) expressly waived a home inspection, (b) agreed she was purchasing the property "as is," (c) agreed there were no express or implied warranties from the real estate firm or its agent, (d) agreed to hold defendants "harmless" for any structural defects, and (e) agreed there were "no other agreements." Nevertheless, it now appears that a disappointed purchaser of property can avoid the consequences of such written agreements, by merely asserting that allegedly "fraudulent" oral representations were made by an agent, and thereby require defendant to proceed to trial.

The majority's failure to grant leave to appeal to review the implications of this decision are troublesome and should be of concern, not only to real estate firms and their agents, but to any party entering into a contract or who benefits from a release. Unfortunately, this case appears to be part of an emerging trend by the majority of this Court of failing to enforce contracts as written and is inviting uncertainty and unnecessary litigation by eroding established principles of contract law. See e.g., this Court's order in *Genesee County Foods Services, Inc v Meadowbrook*, 483 Mich ___ (2009), (Docket No. 137526, March 20, 2009); *Zahn v Kroger*, 483 Mich ___ (2009) (Markman J. concurring).

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 3, 2009

Clerk

0331