WEST AMERICAN INSURANCE COMPANY v MERIDIAN MUTUAL
INSURANCE COMPANY

Docket No. 195158. Submitted December 8, 1997, at Detroit. Decided June
16, 1998, at 9:00 A.M. Leave to appeal sought.

West American Insurance Company, as subrogee of Ann Arbor Car-
pets, obtained in the Jackson Circuit Court a default judgment in
an action that alleged negligence in November 1993 by Jon
Gutekunst, doing business as Floormaster Floor Covering, Inc.
West then served a writ of garnishment on Meridian Mutual Insur-
ance Company, believing Meridian to be Floormaster's commercial
liability insurer from June 30, 1993, to June 30, 1994, on the basis
of a certificate of insurance obtained by Ann Arbor Carpets from
an independent insurance agent. Meridian filed a garnishee disclo-
sure indicating that it was not obligated to Floormaster because
Floormaster's policy had been canceled on June 14, 1993. Follow-
ing a bench trial, the court, Charles A. Nelson, J., entered a judg-
ment in favor of West, concluding that Meridian was equitably
estopped from asserting that Floormaster was uninsured. Meridian
appealed.

The Court of Appeals *held*:

1. Silence or inaction may form the basis for equitable estoppel
only where the silent party had a duty or obligation to speak or
take action. In this case, equitable estoppel does not apply with
respect to Meridian's failure to take action to prevent Ann Arbor
Carpets from relying on the certificate of insurance because Merid-
ian was under no legal duty or obligation to take such action. An
independent insurance agent, when facilitating an insurance agree-
ment between the insurer and the insured, is the agent of the
insured, not the insurer. The certificate of insurance in this case
was issued to a third party by an agent of the insured on behalf of
the insured. Under such circumstances, the insurer has no legal
duty or obligation to advise the third party about inaccuracies in,
or subsequent changes to, the information contained in the certifi-
cate of insurance.

2. The trial court did not err in refusing to dismiss the garnish-
ment action on the basis of West's uncontested statement in the
garnisee disclosure that it was not indebted to Floormaster by vir-

tue of the policy cancellation on June 14, 1993. The certificate of insurance purportedly indicated coverage from June 30, 1993, to June 30, 1994, and Ann Arbor Carpets' loss occurred in November 1993. Cancellation or interruption of Floormaster's insurance before June 30, 1993, is not relevant to this case.

3. The matter must be remanded for findings of fact with respect to whether Floormaster had a right to recover from Meridian for the loss incurred by Ann Arbor Carpets.

Reversed and remanded.

1. ESTOPPEL — EQUITABLE ESTOPPEL.

Equitable estoppel may arise where a party, by representations, admissions, or silence, intentionally or negligently induces another party to believe facts, the other party justifiably relies and acts on that belief, and the other party is prejudiced if the first party is allowed to deny the existence of those facts.

2. ESTOPPEL — EQUITABLE ESTOPPEL — SILENCE OR INACTION.

Silence or inaction may form the basis for equitable estoppel only where the silent party had a duty or obligation to speak or take action.

3. INSURANCE — INDEPENDENT AGENTS — AGENCY.

An independent insurance agent, when facilitating an insurance agreement between the insurer and the insured, is an agent of the insured, not the insurer.

4. INSURANCE — CERTIFICATES OF INSURANCE — INSURERS — INDEPENDENT AGENTS — THIRD PARTIES.

An insurer under an insurance agreement facilitated by an independent insurance agent owes to a third party to whom the agent, on behalf of the insured, has issued a certificate of insurance no legal duty or obligation to advise the third party about inaccuracies in, or subsequent changes to, the information contained in the certificate of insurance.

*Grenn & Grenn, P.C.* (by *Joseph E. Grenn* and *Margaret P. Andrews*), for West American Insurance Company.

*Coticchio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *James Howard Turner*), for Meridian Mutual Insurance Company.

Before: SAWYER, P.J., and WAHLS and REILLY, JJ.

PER CURIAM. Garnishee-defendant Meridian Mutual Insurance Company appeals as of right from the trial court's order granting judgment in favor of plaintiff West American Insurance Company in this garnishment action for damages awarded in a previous judgment against Meridian's former insured, Jon Gutekunst, doing business as Floormaster Floorcovering, Inc. We reverse and remand.

This case arises out of a loss incurred by Ann Arbor Carpets, subrogor of West, as the result of Floormaster's negligence. Ann Arbor Carpets sought to enter into a subcontracting agreement with Floormaster. On September 15, 1993, the Birch Agency of Jackson, an independent insurance agency that wrote insurance coverage for several companies including Meridian, issued a certificate of insurance to Ann Arbor Carpets, at the request of Ann Arbor Carpets, indicating that Floormaster had a commercial liability policy with Meridian effective from June 30, 1993, through June 30, 1994. Birch also sent a copy of the certificate of insurance to Meridian. The certificate featured prominently the following disclaimer:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND, OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

The certificate further provided:

> THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN

IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES.

Relying on the certificate of insurance from Birch, Ann Arbor Carpets hired Floormaster. In November of 1993, Ann Arbor Carpets suffered a loss as a result of Floormaster's negligence. Eventually, West (Ann Arbor Carpets' insurer and subrogee) secured a default judgment against Floormaster in the amount of $15,771.13.

After securing the default judgment against Floormaster, West served on Meridian a request and writ for garnishment. Meridian answered with a garnishee disclosure stating that it was not indebted to Floormaster because Floormaster's policy with Meridian had been canceled on June 14, 1993. Subsequently, West provided interrogatories and requests for admission to Meridian, to which Meridian did not timely respond. The trial court denied Meridian's request to file late answers to plaintiff's interrogatories and requests to admit and granted summary disposition in favor of West on the basis of the admissions being taken as true. The trial court then set aside the order granting summary disposition, reasoning that Meridian's failure to respond to West's interrogatories and requests to admit was excused because the interrogatories and requests to admit themselves had not been timely filed. In the order setting aside the judgment in favor of West, the trial court indicated that discovery should begin anew. However, no further discovery took place.

The trial court issued an opinion and order in favor of West after a one-day bench trial. Testimony at the bench trial revealed that although Floormaster had purchased the policy through Birch, it was supposed

to pay its premiums directly to Meridian. When Birch issued the certificate of insurance to Ann Arbor Carpets, it did so on the basis of its own internal records. It never contacted Meridian for verification that Floormaster's policy was still in effect. By the same token, Meridian never informed Birch that Floormaster's policy had been canceled. The trial court made no finding with respect to whether Floormaster's policy with Meridian was in effect in November of 1993 when Floormaster's negligent act caused Ann Arbor Carpets to suffer the loss. Instead, it based its decision on a determination that Meridian was estopped from asserting that Floormaster was not covered. The trial court reasoned that Meridian was estopped because (1) it authorized Birch to provide certificates of insurance, (2) it intended that organizations such as Ann Arbor Carpets rely on such certificates of insurance, (3) it took no action when Birch issued the certificate of insurance indicating that Floormaster was covered by a policy from Meridian, and (4) Ann Arbor Carpets relied on the certificate of insurance.

Meridian argues on appeal that the trial court erred in relying on the doctrine of equitable estoppel. We agree. Because equity is involved, this Court's review of a trial court's application of the doctrine of equitable estoppel is de novo. *Guise v Robinson*, 219 Mich App 139, 143; 555 NW2d 887 (1996). We will reverse if the trial court's findings were clearly erroneous or if we conclude that we would have reached a different result had we occupied the lower court's position. *Id.*

Equitable estoppel is not an independent cause of action, but rather a doctrine that may assist a party by preventing the opposing party from asserting or

denying the existence of a particular fact. See *Hoye v Westfield Ins Co*, 194 Mich App 696, 705-707; 487 NW2d 838 (1992), citing Prosser, Torts (4th ed), § 105, pp 691-692. Equitable estoppel may arise where (1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts. *Guise, supra* at 144. Silence or inaction may form the basis for an equitable estoppel only where the silent party had a duty or obligation to speak or take action. *Lumber Village, Inc v Siegler*, 135 Mich App 685, 698; 355 NW2d 654 (1984); see also *Cook v Grand River Hydroelectric Power Co*, 131 Mich App 821, 828; 346 NW2d 881 (1984). Here, the trial court based its application of the doctrine of equitable estoppel on Meridian's failure to take action to prevent Ann Arbor Carpets from relying on the certificate of insurance, without expressly finding that Meridian was under any duty or obligation to take any such action.

An insurance policy constitutes a contractual agreement between the insurer and the insured. *Zurich-American Ins Co v Amerisure Ins Co*, 215 Mich App 526, 530; 547 NW2d 52 (1996). When such an agreement is facilitated by an independent insurance agent or broker, the independent insurance agent or broker is considered an agent of the insured rather than an agent of the insurer. *Auto-Owners Ins Co v Michigan Mut Ins Co*, 223 Mich App 205, 215; 565 NW2d 907 (1997). Accordingly, the certificate of insurance in this case was issued to a third party by an agent of the insured on behalf of the insured. Whether the

insurer has a legal duty or obligation in such circumstances to advise the third party holding the certificate of insurance about inaccuracies in, or subsequent changes to, the information contained in the certificate of insurance is a question of first impression in Michigan.

A legal duty or obligation may arise by contract, statute, constitution, or common law. West contends in its supplemental brief on appeal that Meridian was under a common-law duty to Ann Arbor Carpets on the basis of its affirmative act of issuing the certificate through its agent. This argument is without merit, primarily because the certificate of insurance was not issued by Meridian's agent, but rather by an agent of the insured. West also suggests that Meridian was under a statutory duty based on MCL 500.2064(1); MSA 24.12064(1), which provides, in part:

> No insurer, or any officer, director, agent or solicitor thereof shall issue, circulate or use or cause or permit to be issued, circulated or used, any written or oral statement or circular misrepresenting the terms of any policy issued or to be issued by such insurer, or misrepresenting the benefits or privileges promised under any such policy, or estimating the future dividends payable under any such policy.

This argument too is without merit, primarily because the certificate of insurance at issue did not purport to represent the terms, benefits, or privileges promised under the policy. Instead, its stated purpose was merely to certify that the listed insurance policies had been issued. We are aware of no other statutory or constitutional provisions that, under the circumstances of this case, would have imposed a duty on Meridian to advise Ann Arbor Carpets of any inaccuracies contained in the certificate of insurance issued

by Floormaster's agent. Moreover, Meridian could not have been under any contractual duty to Ann Arbor Carpets, because there was no contract between Meridian and Ann Arbor Carpets.

Appellate courts in Colorado and New Hampshire have addressed similar issues. See *Broderick Investment Co v Strand Nordstrom Stailey Parker, Inc*, 794 P2d 264 (Colo App, 1990); *Bradley Real Estate Trust v Plummer & Rowe Ins Agency, Inc*, 136 NH 1; 609 A2d 1233 (1992). In both cases, the plaintiffs relied on certificates of insurance and were injured when the persons listed on the certificates did not actually have the coverage listed on the certificates. Unlike in this case, however, the plaintiffs in *Broderick* and *Bradley* sued the insurance agencies *issuing* the certificates of insurance. Both courts held that, under the circumstances, the agencies issuing the certificates of insurance were under no duty to advise the holders of the certificate about material changes in the information included on the certificates. *Broderick, supra* at 267; *Bradley, supra* at 4. Relying on *Broderick, supra* at 266, the *Bradley* court reasoned that disclaimers on the certificate of insurance (which were nearly identical to the disclaimers on the certificate of insurance in this case) rendered it a "worthless document" which did "no more than certify that insurance existed on the day the certificate was issued." *Bradley, supra* at 4. We agree with the reasoning of these courts, and conclude, for all the reasons stated above, that Meridian was under no duty to advise Ann Arbor Carpets about any inaccuracies in, or subsequent changes to, the information contained in the certificate of insurance issued by Floormaster's agent on Floormaster's behalf. Because Meridian was under no

such duty, the trial court erred in applying the doctrine of equitable estoppel to prevent Meridian from asserting Floormaster's lack of insurance coverage. *Lumber Village, supra* at 698. Given this determination, we need not address whether Ann Arbor Carpets' reliance on the certificate of insurance was justified.

Meridian also argues that the trial court should have dismissed West's garnishment action on the basis of Meridian's uncontested statement in the garnishee disclosure that it was not indebted to Floormaster. As a general rule, facts stated in a garnishee disclosure must be accepted as true at trial if the plaintiff fails to timely contest the garnishee disclosure through discovery. See MCR 3.101(M)(2); *Alyas v Illinois Employers Ins of Wausau*, 208 Mich App 324, 327; 527 NW2d 548 (1995). In this case, the only fact stated in Meridian's garnishee disclosure was that insurance policy number CPP4015533 was canceled on June 14, 1993. (This was the same policy number as listed on the certificate of insurance.) Because West failed to timely challenge this fact through discovery, it should have been accepted as true. However, the trial court's acceptance of this fact would not have required the dismissal of West's garnishment action. The certificate of insurance issued by Birch, relied on by Ann Arbor Carpets, and possessed by West before the instigation of this garnishment action suggested that Floormaster had a policy with Meridian that was effective from June 30, 1993, to June 30, 1994. Because Ann Arbor Carpets' loss occurred during that period, any cancellation or interruption of Floormaster's coverage during a prior term would not be relevant to this case. Accordingly, the trial court

did not err in failing to dismiss the action on the basis of Meridian's garnishee disclosure.

A subrogee's right to recover from a garnishee defendant in a garnishment action is dependent on the principal defendant's right to recover from the garnishee defendant. *Poelman v Payne*, 332 Mich 597, 600; 52 NW2d 229 (1952). Because the trial court made no finding of fact with respect to whether Floormaster had a right to recover from Meridian, we cannot issue an order dismissing West's garnishment action, as requested by Meridian. Instead, we remand for further findings of fact. West is entitled to judgment against Meridian only to the extent that Floormaster was actually entitled to recover from Meridian under the disputed June 30, 1993 - June 30, 1994 insurance policy. *Poelman, supra* at 600.

Reversed and remanded. We do not retain jurisdiction.