# Order

Michigan Supreme Court
Lansing, Michigan

March 20, 2009

137526

GENESEE FOODS SERVICES, INC. and
GENESEE MANAGEMENT, L.L.C.,
            Plaintiffs-Appellees,

v

MEADOWBROOK, INC. d/b/a
MEADOWBROOK OF SAGINAW, RICK
SMITH, and STEVE SMITH,
            Defendants-Appellants.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137526
COA: 274517
Genesee CC: 05-082958-NM

On order of the Court, the application for leave to appeal the July 17, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

Defendant, an independent insurance agency, had an agreement with nonparty Citizens Insurance Company of America (Citizens), whereby defendant wrote and sold insurance contracts for Citizens. Defendant sold a Citizens insurance policy to plaintiff that was in effect when a fire destroyed plaintiff's business facility. Plaintiff made and settled an insurance claim against Citizens and released Citizens and its "agents" from any actions relating to events that occurred before the execution of the release. Later, plaintiff sued defendant, claiming that the coverage that defendant had advised it to obtain was inadequate. Defendant moved for summary disposition, arguing that the language of the release unambiguously barred plaintiff's claim. The trial court denied the motion, and the Court of Appeals affirmed.

On appeal to this Court, defendant asserts that the lower courts erred. The release in question states, in pertinent part:

> In consideration of . . . payment . . . the Undersigned do hereby
> release and forever discharge Citizens . . . and each of its servants, *agents*,

adjusters, employees, attorneys, *related companies*, parent companies and subsidiaries of and from any and all claims, debts, dues, actions, causes of action, and demands which the Undersigned now have or may have against the . . . Releasees for or on account of any matter or thing that has at any time heretofore occurred . . . . [Emphasis added.]

The trial court concluded that a factual issue exists about whether defendant was an agent of Citizens, of plaintiff, or of both, and whether the release extinguished defendant's liability to plaintiff. The trial court also noted that it was "impressed that [plaintiff] had no knowledge of the written agency agreement [between Citizens and defendant] when it signed the release."

The Court of Appeals agreed with the trial court. It held that, when an independent insurance agent facilitates the sale of an insurance policy, it is considered an agent of the insured; it is not an agent of the broker.[1] Accordingly, defendant had a primary fiduciary duty of loyalty to plaintiff. On that basis, the Court of Appeals affirmed the trial court and held that a factual question exists regarding whether the release exempted defendant from liability.

I agree with the trial court and the Court of Appeals. *West American Ins Co* is persuasive in that, because defendant was acting as an independent insurance agent when it assisted plaintiff, its primary fiduciary duty of loyalty was owed to plaintiff. Plaintiff could therefore depend on this duty of loyalty to ensure that defendant was acting in its best interest. This included finding an insurer that could provide plaintiff with comprehensive coverage and ensuring that the insurance contract properly addressed plaintiff's needs. Thus, because defendant was an agent of plaintiff, not Citizens, the release did not free defendant from liability. As the Court of Appeals aptly pointed out:

> Were we to hold otherwise, we would have to conclude that plaintiff[], in signing the release of Citizens and its agents, intentionally released their own agents (defendants) regarding the very transaction for which defendants owed plaintiffs the primary duty of loyalty and expertise. Such a conclusion would violate reason and common sense.[2]

I believe that the Court of Appeals correctly held that whether defendant is a "related company" of Citizens within the meaning of the release is a question of fact. The term "related company" is not defined in the release. It could have several

---

[1] *Genesee Foods Services, Inc v Meadowbrook, Inc*, 279 Mich App 649, 659 (2008), citing *West American Ins Co v Meridian Mut Ins Co*, 230 Mich App 305, 310 (1998).

[2] *Id* at 657.

meanings. Thus, a factual determination is necessary to resolve whether the parties intended defendant to be released from liability as a "related company."

Finally, I believe it is appropriate to deny leave to appeal in this case because plaintiff was unaware of the relationship between defendant and Citizens. It makes no sense to construe the release as extinguishing defendant's liability when plaintiff was unaware of the underlying relationship.

For these reasons stated, I believe that the Court of Appeals analysis is correct. The trier of fact could ultimately determine that the release covered defendant. However, I do not believe that the Court should substitute its judgment for that of the trial court or play the role of fact-finder. The case should proceed to trial. Accordingly, I concur in the Court's decision to deny leave to appeal.

CORRIGAN, J. (*dissenting*).

I respectfully dissent from the order denying defendant's application for leave to appeal. While I generally concur with Justice Markman's analysis, I write separately to underscore the errors in the Court of Appeals published decision. I would either peremptorily reverse or grant leave to appeal in this action involving claims of negligence, breach of fiduciary duty, and breach of contract because the Court of Appeals erroneously affirmed the order denying defendant's motion for summary disposition under MCR 2.116(C)(7) (settlement and release). The unambiguous language of the compromise settlement release and hold-harmless agreement precluded plaintiff's cause of action. In my view, Judge Kirsten Frank Kelly's dissent correctly states the governing legal principles. *Genesee Foods Services, Inc v Meadowbrook, Inc*, 279 Mich App 649, 658-661 (2008).

Defendant Meadowbrook, an independent insurance agency, executed an agreement with Citizens Insurance licensing it to sell, accept, and bind Citizens to insurance contracts. The 1988 agreement between Meadowbrook and Citizens specifically provided, "[b]y signing this agreement you become an agent for the companies indicated above." Accordingly, Meadowbrook became Citizens' agent. In March 2001, defendant arranged for plaintiff Genesee Foods to purchase commercial general liability and property insurance through Citizens. After a fire destroyed almost all of plaintiff's property in August 2003, plaintiff's business became inoperable.

Plaintiff submitted a claim to Citizens for property damage and business interruption loss because of the fire. In November 2003, plaintiff and Citizens settled their claims and executed a release that provides in relevant part:

> the Undersigned do hereby release and forever discharge the Citizens Insurance Company of America and each of its servants, agents,

adjusters, employees, attorneys, related companies, parent companies and subsidiaries (hereinafter "Citizens Releasees") of and from any and all claims, debts, dues, actions, causes of action and demands, whatsoever, which the Undersigned now have or may have against Citizens Releasees for or on account of any matter or thing that has any time heretofore occurred, particularly, but without limiting the generality hereof, all claims and demands arising out of its policy number . . . .

Citizens issued its final check to plaintiff on November 23, 2005. Soon thereafter, plaintiff filed suit against defendant, alleging that defendant had not procured sufficient insurance coverage for plaintiff and that defendant Meadowbrook was its agent, not the agent of Citizens.

Defendant moved for summary disposition under MCR 2.116(C)(7) (settlement and release). Defendant argued that the unambiguous language of the release precluded plaintiff's cause of action because plaintiff's suit fell within "any and all claims, debts, dues, actions, causes of actions and demands, whatsoever." The trial court denied the motion. In a divided published opinion, Judge Owens and Chief Judge Saad affirmed the trial court. Judge Kelly dissented because she concluded that the terms of the release were unambiguous and should be enforced as written.

I agree with Judge Kelly. Unambiguous contracts are enforced as written unless a contractual provision violates law or public policy. *Rory v Continental Ins Co*, 473 Mich 457, 491 (2005). Moreover, a release must be fairly and knowingly made to be valid. *Batshon v Mar-Que Gen Contractors, Inc*, 463 Mich 646, 649 n 4 (2001). If the language of a release is clear and unambiguous, the intent of the parties is ascertained from the plain and ordinary meaning of the language. *Id*.

Here, the unambiguous language of the release uses the unmodified term "agents." The release does not restrict or otherwise limit the class of agents to be released. The 1988 agency agreement explicitly stated, "[b]y signing this agreement you become an agent of the companies listed above." Neither party disputes the existence of this agency agreement. Defendant acted within the scope of its agency agreement when it arranged for plaintiff to purchase insurance through Citizens. I do not think that cases stating that an independent agent is ordinarily an agent for the insured are pertinent when the defendant establishes its agency agreement and the release squarely absolves agents from all claims and demands. As Judge Kelly concluded, the language of the release is expansive and all-inclusive. Because defendant is an undisputed agent of Citizens, defendant falls within the broad scope of the release between Citizens and plaintiff. The plain language of the release permits no other result. Accordingly, I would grant leave to appeal or peremptorily reverse and order summary disposition for defendant.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.

MARKMAN, J. (*dissenting*).

It is well established that "'competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts.'" *Terrien v Zwit,* 467 Mich 56, 71 (2002), quoting *Twin City Pipeline v Harding Glass* 283 US 353, 356 (1931); see also *Port Huron Ed Ass'n v Port Huron Area School Dist*, 452 Mich 309, 319 (discussing the "'fundamental policy of freedom of contract,'" under which "'parties are generally free to agree to whatever specific rules they like'") (citation omitted).  By denying leave to appeal in this case, the majority disregards this principle.

Meadowbrook wrote and sold insurance policies for Citizens.  Genesee Foods Services, Inc. (GFS), bought one of these policies from Meadowbrook.  GFS's facility was destroyed in a fire.  GFS settled its claim against Citizens, and signed a release in favor of Citizens and all its agents.  GFS then brought this action against Meadowbrook, and the trial court denied Meadowbrook's motion for summary disposition.  In a published and split decision, the Court of Appeals affirmed. *Genesee Foods Services, Inc v Meadowbrook, Inc,* 279 Mich App 649 (2008).

(A) The release pertains to "each of [Citizens'] . . . agents"; (B) Meadowbrook is one of these agents as evinced by the fact that it had entered into an agreement with Citizens stating, "By signing this agreement you become an agent for the companies indicated above," and "Citizens" is one of the companies indicated above; and (C) therefore, the release pertains to Meadowbrook.

The Court of Appeals held that although Meadowbrook "signed an agreement to become an agent for Citizens," *id.* at 650, Meadowbrook's "primary fiduciary duty of loyalty rested with [GFS]." *Id.* at 656.  However, the release here applies to "each" of Citizens' agents.  Thus, the pertinent question is not to whom does Meadowbrook owe a greater or lesser fiduciary duty, but only whether Meadowbrook is Citizens' "agent." Because Meadowbrook indisputably is Citizens' agent, the release applies to Meadowbrook.  The contract here could not be more clear.  Furthermore, I am not aware of any authority, and the concurring justice cites none, that supports the proposition that the party signing a release must *know* who all of the other party's agents are in order to release all those agents from liability.

While the instant contract in dispute may not seem to be of great consequence beyond the parties, it is entirely typical of thousands of such contracts freely entered into by "competent persons" throughout this state each day.  And it is essential to the rule of law that these contracts be respected and that this Court provide the leadership and

direction to ensure that this occurs. Although it is well established that "courts cannot rewrite the parties' contracts," *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197 (2008), the majority today allows the Court of Appeals to do just that. Accordingly, I would reverse the Court of Appeals judgment.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 20, 2009

_____
Clerk

s0317