CLAY, Circuit Judge,
dissenting.
I disagree with the majority’s interpretation of the relevant Michigan tort law as to both the claims of negligence and negligent misrepresentation. I would affirm the decision of the district court, and accordingly, I respectfully dissent.
1. Negligence
Under Michigan law, there are four elements of a claim for negligence: duty, breach, causation, and damages. Hill v. Sears, Roebuck and Co., 492 Mich. 651, 660, 822 N.W.2d 190 (2012). The district court found that CSI could not be liable to the Indians under a theory of negligence because as a matter of law, CSI did not have a duty of care to the Indians.
“A legal duty or obligation may arise by contract, statute, constitution, or common law.” West American Ins. Co. v. Meridian Mutual Ins. Co., 230 Mich.App. 305, 583,N.W.2d 548, 551 (1998) In this case, there is neither a statutory nor constitutional duty, and CSI did not have a contract with the Indians; therefore, CSI is only liable to the Indians for negligence if there is a common law duty of care to an additional insured party. See also Belfor USA Group, Inc. v. Alexis Manor Apartments, 2009 WL 609558, at *1 (Mich.Ct.App. Mar. 10, 2009) (“In general, professional relationships for services are established by contract.”). While Michigan case law makes it clear that one can owe a third party a duty of care, Hill, 492 Mich, at 681 n. 20, 822 N.W.2d 190, there are no cases that establish specifically that an insurance broker owes an additional insured any common law duty of care.
The majority relies on the Michigan Supreme Court’s decision in Loweke v. Ann Arbor Ceiling & Partition Co., 489 Mich.
*643 157, 809 N.W.2d 553 (2011) to find that the Indians have made out a prima facie case for negligence. This is an incorrect interpretation of that case. Under the rule in Fultz v. Union-Commerce Assocs., 470 Mich. 460, 683 N.W.2d 587 (2004), as clarified in Loweke, a defendant can only be liable to a plaintiff if, “aside from the contract, the defendant owed any independent legal duty to the plaintiff.” Loweke, 809 N.W.2d at 562. In this case, the entirety of CSI’s duty to the Indians was derived from its contract with National Pastime Sports (“NPS”), and therefore it cannot be separately liable to the Indians on a theory of negligence.
In Loweke, the Michigan Supreme Court clarified its decision in Fultz v. Union-Commerce Associates, 470 Mich. 460, 683 N.W.2d 587 (2004). Loweke, 809 N.W.2d at 557. “Since Fultz ... issued ... courts have erroneously interpreted this Court’s decisions as rejecting accepted tort-law principles and creating a legal rule ... which bars negligence causes of action on the basis of a lack of duty if ... plaintiff alleges a hazard that was the subject of the defendant’s contractual obligations with another.” Id. Therefore, it is possible for a defendant to owe a duty of care to a plaintiff who was not party to the contract even if the duty arose because of the subject of the contract. In Loweke, one subcontractor was responsible for carpentry and drywall at a construction project. The subcontractor leaned cement boards against a wall, and they fell, injuring another subcontractor. Id. at 555-56. Though the defendant’s duty to provide the drywall services was the subject of the contract, the Michigan court found that the second subcontractor could proceed on a theory of negligence, because in addition to its contractual obligation to provide the service, the defendant had a common-law obligation to perform that service with at a reasonable standard of care so that foreseeable third parties would not be harmed. Id. at 562. The mere fact that there was a contract does not excuse CSI from its duty to perform that contract with its ordinary duty of care. As the court stated in Low-eke, “courts should not permit the contents of the contract obscure the threshold question of whether any independent legal duty to the noncontracting third party exists, the breach of which could result in tort liability.” Id. at 561.
However, while Loweke holds that a defendant may be liable to a third party for actions arising out of the subject of the contract, there still must be an independent duty to the plaintiff that is separate and distinct from the contract itself. The majority finds that CSI owed an independent duty of care to perform its contractual duties such that the Cleveland Indians would not be harmed, and thus is liable directly to the Indians. Because this finding is incorrect as a matter of law, I would affirm the judgment of the district court.
Unlike the situation in Loweke, where “plaintiff’s cause of action ... was not brought solely on the basis of defendant’s failure to perform its contractual obligations ...” id. at 561, in this case the purported negligence is identical to a claim of breach of contract. As the Michigan Supreme Court has held:
[A]n action would lie in contract if it was based solely on a defendant’s failure or refusal to perform a contractual promise. In contrast, an action could lie in either contract or in tort if a “defendant negligently performs a contractual duty or breaches a duty arising by implication from the relation of the parties created by the contract....” Fultz, 470 Mich, at 469, 683 N.W.2d 587. In the latter category of cases, however, no' tort liability would arise “for failing to fulfill a promise in the absence of a duty to act that is *644 separate and distinct from the promise made.” Id. at 470, 683 N.W.2d '587,
Id. at 558.
In this case, there was no duty independent of CSI’s contractual promise. The entirety of CSI’s duty was contained in the contract itself, and we know that because there is no breach that the Indians allege that would not also be a breach of contract between CSI and NPS. The majority attempts to plug this hole in the Indians’ allegations by stating that it was foreseeable that the Indians would be harmed by CSI’s alleged breach. But the fact that it was foreseeable that the Indians would be hurt by a breach of the contract is irrelevant because that is precisely what forecloses liability sounding in tort in this ease; we only know that the Indians were a foreseeable plaintiff because the contract tells us so. And “although a tort can grow out of a contract, in general, a tort is a ‘wrong independent of the contract.’ ” Id. at 561 (quoting Churchill v. Howe, 186 Mich. 107, 114, 152 N.W. 989 (1915)). While we need not decide whether the harm alleged in tort must be a physical harm, though that it strongly hinted at in the Loweke decision, see id. at 562, it is enough that we know that there is no tort claim that could be brought as a result of CSI’s conduct based on these facts.
The majority further attempts to construct a separate duty out of CSI’s status as a provider of professional services. This misses the point. A professional’s status as a professional ordinarily concerns the standard of care, rather than whether or not the professional owed a duty to the particular plaintiff. In the cases cited by the majority, the tortfeasors were professionals who performed services that then either induced unrelated third parties to detrimental action, see, e.g., Williams v. Polgar, 391 Mich. 6, 215 N.W.2d 149, 152-53 (1974), or were based on a particular status relationship, such as being the beneficiary of a will. See, e.g., Mieras v. DeBona, 452 Mich. 278, 550 N.W.2d 202, 204-05 (1996). For this argument to work, there must be a principle of law which makes an additional insured analogous to the beneficiary of a will. The majority concedes that no such principle exists in Michigan law,' and at least one other state has examined this question and found that there is no such duty. See, e.g., Federal Ins. Co. v. Spectrum Ins. Brokerage Servs., 304 A.D.2d 316, 317, 758 N.Y.S.2d 21 (2003) (“In addition, the broker’s duty is to its customer (here, the contractor) and not to additional insureds.”).
Finally, the majority incomprehensibly cites the Latin maxim “ubi jus, ibi remedium,” as if the existence of a remedy were an actual issue in this case. The more relevant Latin for this matter is “restitutio ad integrum." That phrase refers to the idea that the damages awarded should restore the plaintiff to its original state. The issue at the heart of this case is not the ultimate question of liability; on the facts as established at this stage, there is little question that CSI is liable to NPS, who in turn may be liable to the Indians. The rule proposed by the majority would permit double recovery, because under the majority’s approach CSI could be liable to NPS for breach of its contract to obtain insurance, and to the .Indians for negligence, even though the damages due to each would be the same. ■
2. Negligent Misrepresentation
I further disagree with the majority on the question of negligent misrepresentation.[8] First, construing the claim as one of *645 “innocent misrepresentation,” the Indians cannot succeed on this claim because they did not have privity of contract with CSI. Forge v. Smith, 458 Mich. 198, 580 N.W.2d 876, 888 (1998); U.S. Fidelity and Guaranty Co. v. Black, 412 Mich. 99, 313 N.W.2d 77, 84 (1981) (comparing Michigan’s rule with the common law and finding that privity of contract must exist for a claim of innocent misrepresentation under Michigan law). Simply, this claim does not apply where there was ho contract between the two parties.
Treating the claim as one of negligent misrepresentation, the Indians still cannot show that they are entitled to recovery from CSI. It is true that Michigan courts have abolished the requirement of contractual privity for some claims of negligent representation. See Williams v. Polgar, 391 Mich. 6, 215 N.W.2d 149, 152-53 (1974). In Williams, the Michigan Supreme Court found that a real estate abstracter could be liable to a third party when the abstracter’s work was performed negligently. But other cases that have found such third-party liability have usually required some form of detrimental reliance based on those misrepresentations, such as the purchase of property based on an abstracter’s statements. See id. While the Indians are correct that the logic of the Williams court might not totally bar the use of this theory in situations that do not involvé real estate abstracters, because they are a foreseeable third party, id., they cannot show why the theory should apply here. In Williams, there were two key distinguishing features: an abstract can be (and is intended to be) used by anyone, and there were actions taken specifically in reliance on the information in the abstract. In other words, the misrepresentation induced behavior by the plaintiff.
In this case, there was no sale or any event based on that misrepresentation; the Indians just believed that NPS had obtained the proper insurance through CSI. Furthermore, in the context of insurance contracts, the Michigan courts have held that a certificate of insurance only represents that insurance has been purchased, but makes no claims as to the extent of the coverage or the particulars of the policy. See West American Ins. Co. v. Meridian Mutual Ins. Co., 230 Mich.App. 305, 583 N.W.2d 548, 551 (1998). A certificate of insurance does not create any duty to warn of inaccuracies, id., and therefore the Indians cannot show reasonable reliance on the document.
As with the claim for negligence, the issue here is not whether CSI is liable; it may very well be liable to NPS for its failure to perform under the contract. The issue is to whom it is liable, and because it had no contract with the Indians, it cannot be liable to them on either a theory of negligence or of negligent misrepresentation.'
.Accordingly, for the reasons set -forth above, I respectfully dissent.

. In the initial complaint, the Indians labeled this cause of action as "innocent misrepresentation,” but during the litigation of this motion, briefed the issue before the district court *645 as one of negligent misrepresentation- (Order, Nov. 17, -2011, at 9 n. 2.).