*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF WEST
BLOOMFIELD,

        Plaintiff-Appellee,

v

UNITED GERMAN AMERICAN
RECREATIONAL SOCIETY, JOHN C. DWAN,
and JUDY DWAN,

        Defendants,

and

VICTOR VANMEERBEECK and LYNN
VANMEERBEECK,

        Defendants-Appellants,
and

REAL PROPERTY LOCATED AT 2201 OAK
PARK DRIVE, WEST BLOOMFIELD,
MICHIGAN, 48324,

        Defendant.

UNPUBLISHED
February 14, 2025
2:06 PM

No. 366565
Oakland Circuit Court
LC No. 2020-183280-CE

Before: BOONSTRA, P.J., and M. J. KELLY and MALDONADO, JJ.

PER CURIAM.

Defendants, Victor and Lynn Vanmeerbeek, appeal by right the trial court's order granting summary disposition in favor of plaintiff, West Bloomfield Charter Township, pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

-1-

# I. BACKGROUND

This case arises from plaintiff's efforts to raze a cottage that defendants undisputedly constructed in violation of local zoning ordinances. At the center of this dispute is a small plot of land that is part of a 23-acre parcel on Cass Lake. The parcel has been owned by the United German American Recreational Society (UGARS) since 1937. Between 1937 and 1949, each member of UGARS was assigned a lot on the UGARS property, which held over two dozen small summer cottages; the VanMeerbeecks owned one of these cottages. Although the property was zoned R-10, single-family residential, UGARS and its members had a legal nonconforming use; therefore, they were able to lawfully use the property for recreational purposes as long as their use of the property otherwise complied with the West Bloomfield Township zoning ordinance.

The VanMeerbeecks owned an old 20-by-30-foot cottage that was not connected to a water or sewer system. In 2015, with permission of the UGARS board but without obtaining permits from plaintiff, the VanMeerbeecks demolished their cottage and began construction of a larger cottage. This new single-family residential structure was connected to a common well for water service and had a septic system. In 2018, plaintiff learned about the construction, conducted a site visit, and instructed the VanMeerbeecks to obtain an after-the-fact permit. However, plaintiff ultimately advised the VanMeerbeecks that the permit could not be issued because the construction impermissibly expanded an already nonconforming use. The VanMeerbeecks and UGARS were informed that they would need to apply for a zoning variance with the Zoning Board of Appeals (ZBA).

In 2020, plaintiff learned that the VanMeerbeecks were undertaking additional construction on their new cottage that included a drainage pipe that had resulted in flooding, an enclosed porch, a deck, a retaining wall, a fire pit near another cottage, a propane storage tank, a sidewalk, and a brick paver patio. Additionally, the VanMeerbeecks were occupying the new cottage on at least a part-time basis despite having never secured a certificate of occupancy, which is a violation of a zoning ordinance. At this point, plaintiff brought suit in the circuit court seeking demolition of the new cottage on the basis of zoning violations, public nuisance, and nuisance per se. The VanMeerbeecks put forth an equitable estoppel defense, asserting that plaintiff had a long history of issuing after-the-fact permits for significant construction projects on UGARS-owned land. The VanMeerbeecks challenged the township's ability to enforce the zoning ordinance against them, asserting it would be highly unjust and inequitable to allow the township to do so under the circumstances of this case, particularly given that the township did not act in a swift and efficient manner when requiring the VanMeerbeecks to secure the necessary permits. The trial court, reasoning that the VanMeerbeecks failed to put forth evidentiary support for their equitable defense, granted summary disposition in favor of plaintiff. However, the court stayed the demolition of the property pending the exhaustion of the VanMeerbeecks' appellate rights.

While not parties to this appeal, John and Judy Dwan were also defendants in this litigation due to construction on their UGARS-owned lot. The Dwans purchased their 20-by-30-foot cottage from Judy Dwan's parents in 2015. This cottage was also intended to be a summer residence and was not connected to water or sewage facilities. When the zoning ordinance was enacted in 1966, the Dwan summer cottage was considered a legal nonconforming structure. The Dwans demolished their summer cottage without first securing a demolition permit, and they constructed a new single-family structure in its place without obtaining the necessary permits from the

township. Although the Dwans applied for a building permit in September 2015, they did not complete the application process for personal reasons. The Dwans applied for an after-the-fact building permit, but it was not issued because the construction of the single-family structure altered and expanded a nonconforming use under the township zoning ordinance. The Dwans unsuccessfully sought a variance from the township ZBA that the circuit court affirmed. This Court denied the Dwans' application for leave to appeal, as did our Supreme Court.[1]

## II. DISCUSSION

The VanMeerbeecks argue that the trial court erred by concluding that there was no genuine issue of material fact regarding their affirmative defense of equitable estoppel. We disagree.

## A. STANDARDS OF REVIEW

This Court reviews the trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion brought under MCR 2.116(C)(10) determines whether a complaint is factually sufficient, and our Supreme Court has explained the applicable standard of review:

> In reviewing a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996) (citations omitted).]

This Court reviews the trial court's application of the doctrine of equitable estoppel de novo. *West American Ins Co v Meridian Mut Ins Co*, 230 Mich App 305, 309; 583 NW2d 548 (1998).

## B. OVERVIEW OF RELEVANT ZONING LAW

The parties do not dispute that the structures that existed on UGARS' property when the West Bloomfield Township zoning ordinance was enacted in 1966 were considered nonconforming uses. "A prior nonconforming use is a vested right in the use of particular property that does not conform to zoning restrictions, but is protected because it lawfully existed before the zoning regulation's effective date." *Heath Twp v Sall*, 442 Mich 434, 439; 502 NW2d 627 (1993). MCL 125.3208(1) addresses nonconforming uses, providing in pertinent part:

> (1) If the use of a dwelling, building, or structure or of the land is lawful at the time of enactment of a zoning ordinance or an amendment to a zoning

---

[1] *Dwan v West Bloomfield Charter Twp*, unpublished order of the Court of Appeals, entered February 4, 2021 (Docket No. 355941), lv den 508 Mich 967 (2021).

ordinance, then that use may be continued although the use does not conform to the zoning ordinance or amendment.

West Bloomfield Township challenged the VanMeerbeecks' construction of the new structure on their lot on the basis of zoning violations, asserting that the structure impermissibly expanded and enlarged the initial nonconforming use. Section 208 of the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*, provides that the legislative body of a municipality may set forth terms and conditions in its zoning ordinance "for the completion, resumption, restoration, reconstruction, extension, or substitution of nonconforming uses or structures." MCL 125.3208(2). Section 7.1.1 of the West Bloomfield Township zoning ordinance provides that "it is the intent of this chapter that nonconformities shall not be enlarged upon, expanded or extended, nor be used as grounds for adding other structures or uses prohibited elsewhere in the same district." As relevant to this case, section 7.1.1 also provides:

> A nonconforming use of a structure, a nonconforming use of land or a nonconforming use of a structure and land shall not be extended or enlarged after June 1, 1966 by attachment on a building or premises of additional signs intended to be seen from off the premises, or by the addition of other uses of a nature which would be prohibited generally in the district involved.

Sections 7.1.3 and 7.1.4 of the West Bloomfield zoning ordinance address nonconforming uses of land and nonconforming structures that existed before June 1, 1966, providing in pertinent part:

> Nonconforming uses of land. Where, on June 1, 1966, or upon amendment hereto, lawful use of land exists that is made no longer permissible under the terms of this chapter as enacted or amended, such use may be continued, so long as it remains otherwise lawful, subject to the following provisions:
>
> A. No such nonconforming use shall be enlarged or increased, nor extended to provide a greater area of land than was occupied at the effective date of adoption or amendment of this ordinance.
>
> * * *
>
> Nonconforming structures. Where a lawful structure exists on June 1, 1966, or upon amendment hereto, . . . such structure may be continued so long as it remains otherwise lawful, subject to the following provisions:
>
> A. *No structure may be enlarged or altered in a way which increases its nonconformity.*
>
> B. Should such structure be destroyed by any means to an extent of more than fifty (50) percent of its appraised value at time of destruction, it shall not be reconstructed except in conformity with the provisions of this chapter. [Emphasis added.]

Section 7.1.5 of the West Bloomfield Township zoning ordinance addresses nonconforming uses of structures and land, providing, in pertinent part:

Nonconforming uses of structures and land. If a lawful use of a structure, or of structure and land in combination, exists on June 1, 1966, or upon amendment hereto, that would not be allowed in this district under the terms of this chapter, the lawful use may be continued so long as it remains otherwise lawful, subject to the following provisions:

A. No existing structure devoted to a use not permitted by this chapter in the district in which it is located shall be enlarged, extended, reconstructed, or moved except in changing the use of the structure to a use permitted in the district in which it located.

"[T]he policy of the law is against the extension or enlargement of nonconforming uses," so "zoning regulations should be strictly construed with respect to expansion." *Reenders v Parker*, 217 Mich App 373, 376-377; 551 NW2d 474 (1996) (quotation marks and citation omitted).

## C. EQUITABLE ESTOPPEL GENERALLY

"Equitable estoppel is not an independent cause of action, but instead a doctrine that may assist a party by precluding the opposing party from asserting or denying the existence of a particular fact." *New Products Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App 614, 627-628; 953 NW2d 476 (2019) (quotation marks and citation omitted).

A township can be equitably estopped from enforcing a zoning ordinance when: (1) a party by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts. [*Lyon Charter Twp v Petty*, 317 Mich App 482, 490; 896 NW2d 477 (2016) (quotation marks and citation omitted).]

"The general rule is that zoning authorities will not be estopped from enforcing their ordinance absent exceptional circumstances." *Williamston Twp v Sandalwood Ranch, LLC*, 325 Mich App 541, 553; 927 NW2d 262 (2018) (quotation marks and citation omitted). "Casual private advice or assurance of success from township officials does not constitute exceptional circumstances. Further, everyone dealing with a municipality and its agents is charged with knowledge of the restrictive provisions of lawfully adopted ordinances." *Hughes v Almena Twp*, 284 Mich App 50, 78; 771 NW2d 453 (2009).

## D. WHETHER TOWNSHIP ISSUED A PERMIT

As a threshold matter, the VanMeerbeecks argue that they did, in fact, obtain a building permit. The trial court determined that genuine issues of material fact did not exist regarding whether the VanMeerbeecks obtained a building permit in compliance with the zoning ordinance. We disagree with the trial court's determination because factual disputes remained on this issue. However, the factual dispute on this issue is immaterial because the VanMeerbeecks are not able to meet the justifiable reliance standard to prevail on their equitable estoppel defense.

Section 7.5.4 of West Bloomfield zoning ordinance provides:

> Permits required.  No building or structure, or part thereof, shall be hereafter erected, altered, moved or repaired unless a building permit shall have been first issued for such work.  The terms "altered" and "repaired" shall include any changes in structural parts, stairways, type of construction, type, class or kind of occupancy, light or ventilation, means of egress and ingress, or other changes affecting or regulated by the township building code, the housing law of the state, or this chapter, except for minor repairs or changes not involving any of the aforesaid features.

In support of its motion for summary disposition, West Bloomfield Township included a copy of the VanMeerbeecks' August 2, 2018 "after-the-fact" building and zoning permit application for the construction of their new, 1,400 square foot, two-story cottage.  On August 27, 2018, Victor VanMeerbeeck sent an e-mail to Gary Crimaldi of West Bloomfield Township in which he informed Crimaldi that UGARS "remains an 'un-conforming piece of property within West Bloomfield Township.' "  Victor VanMeerbeeck informed Crimaldi that the UGARS organization wished to "maintain an amicable relationship" with West Bloomfield Township and had been in contact with employees of the assessing and building departments.  Victor VanMeerbeeck also informed Crimaldi that after applying for an "after-the-fact" building permit, the permit had been granted.  In response, Crimaldi informed Victor VanMeerbeeck that the information that VanMeerbeeck had received online "is not that your permit is approved but rather that it has been received for review and is pending."  Referring to an earlier undated e-mail, Crimaldi further stated:

> My earlier email is still valid[,] the UGARS property is non-conforming with the [sic] regard to West Bloomfield Township ordinance and a variance is requested to pursue this work.  Please contact Mr. Gordon Bowdell . . . to proceed with your variance request.

On November 28, 2018, Victor VanMeerbeeck wrote to Bowdell, apparently in response to an e-mail from Bowdell, in which he stated, in pertinent part:

> I'm afraid that I may disagree with your assessment and would like additional clarification.  I clearly have a document from West Bloomfield, that indicates my building permit has been approved.  I've attached the document again.  My check/payment for the permit has been cashed and the permit number is **#PB18-1071.**

Victor VanMeerbeeck was referring to an August 8, 2018, e-mail that he received from the West Bloomfield Building Department that said, "Your Building permit application has been approved. The permit must be paid before it can be issued.  If you wish to pay online click <u>Make a Payment</u>, or <u>View Details</u> to view."  West Bloomfield Township also provided the VanMeerbeecks with the actual building permit No. PB18-1071 for 2272 Oak Park, which included a work description of, "Complete remodel of existing cottage."  The record reflects that the VanMeerbeecks also secured "after-the-fact" electrical, mechanical, and plumbing permits for their new cottage.

In his November 28, 2018 response to Victor VanMeerbeeck, Bowdell stated that the August 8, 2018 e-mail correspondence stated that the VanMeerbeecks' building permit application had been approved, "meaning that the application is complete and is ready for review." Bowdell also informed Victor VanMeerbeeck that the fee paid was for a plan review fee, and that a permit had not yet been issued for PB18-1071. Bowdell also explained that if a permit had in fact been issued, "an additional fee would have been required and a permit would have been mailed to the applicant or a call would have been made to the applicant to pick up the permit." Bowdell further stated, "I apologize if there was confusion or misunderstanding regarding your permit, however the permit has not been issued nor can the permit be issued as the use is nonconforming."

On November 28, 2018, the West Bloomfield Township Planning Department sent written correspondence to UGARS in which it informed UGARS that it was in receipt of both building applications for 2243 Oak Park (the Dwans) and 2272 (the VanMeerbeecks) and that "the applications cannot be approved as the proposed construction is altering/expanding a nonconforming use." The November 28, 2018 correspondence further provided, in pertinent part:

> The existing multi-dwelling use is nonconforming to the one-family residential district. According to Section 7.15A of the Zoning Ordinance, *no existing structure devoted to a use not permitted by this chapter in the district in which it is located shall be enlarged, extended, reconstructed or moved except in changing the use of the structure to a use permitted in the district in which it is located.*

> The structures erected without permits are not permitted and must be removed. Should you seek to appeal the administrative decision or seek a variance to enlarge, extend or reconstruct a structure devoted to a use not permitted by the Zoning Ordinance, you may apply to the Zoning Board of Appeals.

> \* \* \*

> Please arrange to obtain the required permits to remove the structures or submit a completed application for the Zoning Board of Appeals by December 28, 2018. Failure to remove the structure or submitting a Zoning Board of Appeals application will result in code enforcement action taken on the property.

The trial court did not err by recognizing that whether a valid after-the-fact building permit was in fact provided to the VanMeerbeecks was not entirely clear. The trial court further noted that employees of the township contacted the VanMeerbeecks and informed them on August 27, 2018, that the building permit had not in fact been issued. This is particularly confusing given that the VanMeerbeecks submitted a copy of their building permit in support of their response to the motion for summary disposition. However, in November 2018, UGARS was clearly and unambiguously informed by the township that the structures built by both the Dwans and the VanMeerbeecks were impermissible nonconforming uses. Therefore, even accepting the VanMeerbeecks' position that a building permit was issued, they cannot establish justifiable reliance on that permit given that they were informed that the single-family structure that they built was in violation of the ordinance. See *Lyon Charter Twp v Petty*, 317 Mich App 482, 490; 896 NW2d 477 (2016) (recognizing that for a township to be equitably estopped from enforcing a zoning ordinance the other party must have been intentionally or negligently induced to believe

facts, and *justifiably* relied on that belief). Further, they constructed the new cottage *before* they were purportedly given the *after-the-fact* permit, so the cottage could not have been constructed in reliance on the permit. Accordingly, under circumstances in which the township made it clear that their newly constructed cottage violated the zoning ordinance, the trial court did not err by holding that the VanMeerbeecks' reliance on the issuance of the building permit was not justified and would not equitably estop the township from enforcing the zoning ordinance.

## E.  PAST PATTERN OF CONDUCT

The trial court also did not err by concluding, more generally, that there are no genuine issues of material fact regarding the VanMeerbeecks' defense of equitable estoppel, granting judgment in favor of West Bloomfield Township as a matter of law, and ordering demolition of the VanMeerbeecks' newly constructed cottage. Specifically, genuine issues of material fact did not remain for trial regarding whether the VanMeerbeecks' reliance on the township's past pattern of conduct was justified in establishing their belief that the township would not enforce the provisions of its zoning ordinance as they constructed their new cottage.

When granting summary disposition in favor of West Bloomfield Township, the trial court stated that if the VanMeerbeecks were basing their theory of equitable estoppel on what they claimed to be the "standard practice and custom for decades" of West Bloomfield Township, then the VanMeerbeecks were required to put forth "even the barest scintilla of sworn testimony supporting this assertion." The trial court observed that the VanMeerbeecks did not present sworn testimony from any other members of UGARS or any West Bloomfield Township official regarding what they knew about renovations, alterations, and additions made in the UGARS community since the enactment of the 1966 zoning ordinance. In the words of the trial court, "[t]he VanMeerbeecks have not met the barest evidentiary threshold to create a question of fact here."

To the extent that the trial court held that the VanMeerbeecks were required to present sworn testimony to meet their burden once the township filed and properly supported its motion for summary disposition, its ruling contravened the applicable court rule. Specifically, MCR 2.116(G)(4) provides that once a motion is brought pursuant to MCR 2.116(C)(10) and supported as required by the court rule, the burden shifts to the nonmoving party "by affidavits or as otherwise provided in this rule," to set forth specific facts demonstrating a genuine issue for trial. Similarly, MCR 2.116(G)(5) provides that the trial court is to consider "[t]he affidavits, *together with* the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties." Notably, the clear language of the court rule does not limit the trial court's consideration to sworn testimony presented by way of affidavits or depositions, and the VanMeerbeecks amply supported their response to plaintiff's motion for summary disposition with admissions from the township during discovery.

The VanMeerbeecks also provided documentary evidence such as property records documenting the alterations, renovations, and additions made to the property and structures of UGARS members following the enactment of the 1966 zoning ordinance. For example, the VanMeerbeecks' documentation from plaintiff confirmed the renovations, alterations, and additions that were made to various cottages within the UGARS property since the zoning ordinance was enacted in 1966. The VanMeerbeecks also quoted West Bloomfield Township's

responses to their requests for admissions in which the township conceded that it was not unusual for it to issue building permits "after-the-fact" once members of the UGARS community had already begun renovations, additions, and other work on existing nonconforming structures. Accordingly, the trial court's statement that the VanMeerbeecks had not produced evidence, under MCR 2.116(G)(4), to even support their theory of equitable estoppel was not supported by the record. Nevertheless, we may affirm an order granting summary disposition even when our reasoning differs. *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 449; 886 NW2d 445 (2015).

When asserting that West Bloomfield Township only sporadically enforced its zoning ordinance, "a practice that continued" with this case, the VanMeerbeecks asserted that of the rustic cottages that were in existence when the zoning ordinance was enacted in 1966, several had been modernized and altered since that time, changing from a single-story to two-story cottages, and that others had undergone significant renovations, including the addition of bathrooms, sunrooms, additional living space and porches. In a request for admission, the VanMeerbeecks asked the following and were provided the following response:

> **REQUEST FOR ADMISSION NO. 9**: Please admit that Plaintiff has allowed UGARS members to obtain after-the-fact building permits for additions to, or alterations of, cottages on UGARS property since 1966.
>
> **ANSWER**: The Charter Township of West Bloomfield objects to this request to the extent it is vague in its use of the terms "additions to" and "alterations of." These terms have different meanings from an assessing perspective than from a building perspective. Notwithstanding these objections, the Township admits that it has issued after-the-fact permits related to additions and alterations, as the Township understands the meaning of those terms, to the cottages on the UGARS Property since 1966.

The VanMeerbeecks also provided the following interrogatory and were given the following response:

> **INTERROGATORY NO. 3**: Please state how many cottages on UGARS property Plaintiff knows have been altered, modified, added to, or completely rebuilt since 1966.
>
> **ANSWER**: Additionally, the Charter Township of West Bloomfield has located the following permits for alterations to the cottages located at 2188 Oak Park Drive and 2269 Oak Park Drive which are located on the UGARS Property.
>
> 2233 Oak Park Drive B001282E – Strip and re-reroof structure.
>
> 2188 Oak Park Drive Rose Marie Binder PB16-1045- Kitchen Alteration PE18-0841-Dishwasher/Disposal PP18-0374 – Dishwasher/Disposal PRES18-0525-Kitchen Alteration.

The VanMeerbeecks, however, claimed that in addition to the renovations and alterations referenced in Interrogatory No. 3, multiple other additions, alterations, and renovations took place

within the UGARS community for which West Bloomfield Township did not issue permits, or permits were issued "after-the-fact." The VanMeerbeecks further contended that West Bloomfield Township's conduct established a custom and practice on which the VanMeerbeecks justifiably relied in constructing their new cottage with the belief that the township would not be enforcing the zoning ordinance provisions. The VanMeerbeecks also referred to the "past historical practice" in dealing with West Bloomfield Township, with the township scheduling follow-up visits to secure necessary permits under the zoning ordinance, after-the-fact.

July 3, 2018 inspection notes taken by West Bloomfield Township's Community Development Department, Code Enforcement Division, for the Initial Visit Inspection for 2272 Oak Park Drive, indicate that the VanMeerbeecks and their neighbors, the Dwans, were required to secure "after-the-fact permits for building demolition and new construction" at 2272 Oak Park Drive and 2269 Oak Park Drive because § 105.1 of the Michigan Residential Code required that anyone who demolished a building first obtain a permit from the township. The code enforcement notes reflect that the inspector was aware that the Dwans demolished their existing cottage, that the Dwans built a new cottage, and that the VanMeerbeecks were in the process of doing the same. Also, Linda Mazzaresa, the secretary of UGARS, had renovated her home, admitted during a phone call to replacing her countertops, and was advised to schedule a meeting with the township building supervisor. The inspector also stated in his notes that, after speaking with various members and officers of UGARS, they "expressed [a] willingness to comply and agreed to obtain permits." Subsequent inspections were conducted on July 24, 2018, with a result of "[v]iolation[s]," August 7, 2018, with a result of "[n]o [c]hange," August 8, 2018, with a result of "[v]iolations[s]," and August 20, 2018, with a result of "[p]artially [c]omplied." On August 20, 2018, an inspector indicated that she had visited the home of Mazzaresa, who had updated her home without securing permits. The inspector also was going to the home of the VanMeerbeecks, who had also not secured the appropriate permits, but claimed that they had received approval, but in checking the internal system, "they merely approved his application," and the building department was tracking the progress of construction by actual address. By September 5, 2018, the Code Enforcement Division had completed its investigation and referred the cases to the building department.

A review of the West Bloomfield Township Building Department notes further illustrates several instances in which the township became aware, after the fact, of renovations, alterations, additions, and reconstruction on property, but legal challenges did not arise. For example, in 2011, the township became aware that, approximately three to four years prior, a lot's original cottage was razed to one wall with a partial foundation remaining, rendering the house "effectively a new build circa 2008." In 2018, plaintiff learned that the interior of the structure on another lot had previously been completely gutted because of termite damage and inoperative plumbing and that the owners were planning to rebuild the structure in the near future.

Plaintiff also learned in 2018 that the owner of a different lot had updated and renovated the structure's kitchen and installed a new deck. Regarding the present case, code enforcement notes dated May 22, 2020, indicate that Victor VanMeerbeeck had continued with additional construction on his new cottage, installed a pipe for drainage off of his lot that caused flooding, enclosed his porch, added a new deck, and built a retaining wall. The code enforcement notes further provided that the patio on the new structure would "come so close" to the dwellings around the VanMeerbeecks that it would interfere with their water shutoff. A stop-work notice was posted

-10-

on the property on May 26, 2020, because the VanMeerbeecks failed to apply for permits for new home construction, an enclosed porch, a new patio, and a retaining wall.

In sum, this evidence suggests that plaintiff did not consistently enforce its zoning ordinance in the years after its enactment in 1966, and it supports the VanMeerbeecks' contention that the township allowed members of the UGARS community to secure permits for alterations, additions, and renovations after the fact. However, the specific issues here are whether plaintiff either intentionally or negligently induced the VanMeerbeecks to believe that it would not enforce its zoning ordinance, and whether it was *justifiable* for the VanMeerbeecks to rely and act on this belief. *Lyon Charter Twp*, 317 Mich App at 490.

The UGARS bylaws made it clear that the members of the organization were required to follow the provisions of the West Bloomfield Township ordinances. The VanMeerbeecks chose to demolish their existing cottage without seeking any input from the township and were almost done constructing the new cottage before the township learned of the existence of the structure. As early as July 2018, plaintiff contacted UGARS to inform the membership of the need to secure permits for the demolition of existing cottages and for the construction of new cottages. Perhaps most significantly, on November 28, 2018, UGARS was informed that the building applications of both the VanMeerbeecks and the Dwans could not be approved because they were impermissibly expanding a nonconforming use. The township similarly informed Victor VanMeerbeeck of this directly. The VanMeerbeecks, instead of seeking a variance from the ZBA, chose to proceed with the construction of their cottage and also added a deck, patio, and retaining wall. The VanMeerbeecks, choosing to demolish an existing structure and construct a new one, were required to exercise their due diligence as they went about these endeavors, but it was only when West Bloomfield Township intervened after a call from a neighbor that Victor VanMeerbeeck even applied for an after-the-fact building permit. Thus, the circumstances do not indicate that the VanMeerbeecks exercised any sort of diligence within the context of demolishing the existing structure and building the new structure. It was only in 2020, when a stop-work order was mounted on the structure, that the VanMeerbeecks began to follow the requirements of the zoning ordinance. Therefore, the trial court did not err by concluding as a matter of law that the VanMeerbeecks could not establish that they justifiably acted on their beliefs that the township would not enforce its zoning ordinance.

To the extent that the VanMeerbeecks suggest that they are being treated differently than anyone else in the UGARS membership or that their lot is being treated disparately than any other lot on the UGARS property, the township has conceded that it did issue after-the-fact permits for more minor alteration, addition and renovation work. However, aside from the VanMeerbeecks, the Dwans were the only other members to completely demolish and rebuild a new home without the required approval and permits from the township, and their structure was ordered to be demolished in December 2020. More significantly, the VanMeerbeecks have not put forth any

evidence to indicate that any other demolished or rebuilt structures were not required to submit to the same permit requirements of the zoning ordinance.[2]

Affirmed. Plaintiff, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Michael J. Kelly
/s/ Allie Greenleaf Maldonado

---

[2] The VanMeerbeecks argue for the first time on appeal that demolition of the new cottage constitutes an impermissible taking without just compensation. "In civil cases, Michigan follows the 'raise or waive' rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) (quotation marks and citation omitted). The "raise or waive" rule provides that "this Court has no obligation to consider" issues that were not raised in the trial court. *Id*. However, we do retain limited discretion to "overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at 289-290 (quotation marks and citation omitted). In this case, we discern no reason to overlook the preservation requirement and deem the issue waived.