THOMAS INDUSTRIES, INC v C & L ELECTRIC, INC

Docket No. 173849. Submitted February 14, 1996, at Lansing. Decided May 14, 1996, at 9:20 A.M. Leave to appeal sought.

Thomas Industries, Inc., brought an action in the Ingham Circuit Court against C & L Electric, Inc., and United States Fidelity and Guaranty Company, seeking to recover under a payment bond that C & L procured through United States Fidelity. C & L was the principal contractor on a construction project for the Holt Public Schools. In connection with the project, the plaintiff supplied materials to Michigan Brass & Electric Co., a subcontractor to C & L. The plaintiff delivered the materials, with packing slips attached, directly to C & L at the construction site. The packing slips were filed by an employee of C & L at the construction site and, once the project was completed, were removed from the construction site and stored at C & L's main office in a closed-project file. C & L allegedly made a final payment to Michigan Brass & Electric but Michigan Brass & Electric did not pay the plaintiff for the materials supplied. The plaintiff notified C & L and the Holt Public Schools of its unpaid claim and then commenced this action. The court, Peter D. Houk, J., granted summary disposition for the defendants, finding that the packing slips neither constituted adequate notice nor advised C & L of a claim. The court also held that delivery of the supplies to the job site rather than to a business office did not comply with statutory requirements. The plaintiff appealed, and the defendants cross appealed from the denial of their request for an award of attorney fees and costs.

The Court of Appeals held:

1. The trial court did not err in concluding that C & L did not receive notice as required by MCL 129.207; MSA 5.2321(7).

2. Delivery of the materials with the packing slips to the job site, in and of itself, is not fatal to the plaintiff's claim. However, although the packing slips contained the information required by condition a of MCL 129.207; MSA 5.2321(7), under the facts of this case, where there is no evidence that the packing slips were received or seen by, or called to the attention of, the person who would have received and been responsible for receiving the notice had it been properly served under § 7, the packing slips delivered

to the job site do not fulfill the purpose of the notice requirement of condition a of § 7.

3. Although the packing slips did not fulfill the purpose of condition a of § 7, the plaintiff's claim was not without arguable legal merit. The trial court did not err in denying the defendants' motion for an award of attorney fees and costs.

Affirmed.

BONDS — PUBLIC WORKS — SUBCONTRACTORS — NOTICE.

A claimant on a public works bond may maintain an action on the bond upon establishing that the principal contractor actually received timely written notice of materials furnished, the labor performed, the party contracting for the labor or materials, and the site for performance or delivery; a failure to send notice by certified mail as prescribed by the public works bond act will not preclude recovery, and the claimant may prove the principal contractor's actual receipt of timely notice by a preponderance of the evidence (MCL 129.207; MSA 5.2321[7]).

*Muller, Muller, Richmond, Harms, Myers & Sgroi* (by *William R. Farran*), for the plaintiff.

*Oskar M. Hornbach*, for the defendants.

Before: WHITE, P.J., and FITZGERALD and E. M. THOMAS,* JJ.

PER CURIAM. Plaintiff appeals as of right an order granting summary disposition pursuant to MCR 2.116(C)(10) for defendants. The trial court held that, under § 7 of the relevant public works construction bond act, MCL 129.207; MSA 5.2321(7), plaintiff's failure to satisfy the statutory notice requirements precluded it from recovering $17,473.05 against the payment bond defendant C & L Electric, Inc., procured through defendant United States Fidelity and Guaranty Company (USF&G). Defendants cross appeal,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

arguing that the court erred in denying their motion for costs and attorney fees. We affirm.

The facts are undisputed. C & L was the principal contractor on a construction project for the Holt Public Schools. Pursuant to the requirements of MCL 129.203; MSA 5.2321(3), C & L furnished a payment bond, issued by defendant USF&G as surety, for the protection of certain claimants supplying labor or materials for the project. In connection with the project, plaintiff supplied materials to Michigan Brass & Electric Co., subcontractor to C & L. Plaintiff "drop-shipped" these materials, with packing slips attached, directly to C & L at the construction site on March 30 and April 7, 1993. The packing slips were "checked against the actual parts for delivery purposes, then they were put into the job file at the construction site by the electrician." Once the project was completed, C & L removed the job file and stored it in a closed-project file without reviewing the packing slips. C & L allegedly made a final payment to Michigan Brass & Electric on May 10, 1993, but Michigan Brass did not pay plaintiff for the supplied materials. By certified letter dated June 21, 1993, plaintiff notified C & L and Holt Public Schools of its unpaid claim. Plaintiff then commenced the present suit, seeking recovery under the payment bond.

Defendants moved for and were granted summary disposition. The trial court held that the packing slips did not constitute "adequate notice" or advise C & L of a claim. The trial court further held that delivery of the supplies to the job site, rather than to a business office, did not comply with statutory requirements. Plaintiff appeals from this order, and defendants

cross appeal from the trial court's denial of their request for attorney fees and costs.

On appeal, plaintiff argues that the trial court erred in concluding that C & L did not receive notice as required by MCL 129.207; MSA 5.2321(7). We disagree.

The public works construction bond act, MCL 129.201 *et seq.*; MSA 5.2321(1) *et seq.*, requires a principal contractor to furnish a performance bond and a payment bond to the governmental unit. *Kammer Asphalt Paving Co, Inc v East China Twp Schools*, 443 Mich 176, 179; 504 NW2d 635 (1993). Because materialmen or contractors may not obtain a mechanics' lien on a public building, the Legislature provided that the payment bond shall be obtained "solely for the protection of claimants . . . supplying labor or materials to the principal contractor or his subcontractors in the prosecution of the work provided for in the contract." MCL 129.203; MSA 5.2321(3), *Kammer, supra* at 181-182. See *Milbrand Co v Dep't of Social Services*, 117 Mich App 437, 440; 324 NW2d 41 (1982). It is undisputed that plaintiff met the statutory definition of a claimant entitled to bring suit on the bond. MCL 129.206; MSA 5.2321(6).

Section 7 of the act specifies the procedure by which a claimant not having a direct contractual relationship with the principal contractor may perfect a claim against the payment bond:

> A claimant who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which payment bond is furnished . . . and who has not been paid in full therefor before the expiration of a period of 90 days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which claim is made, may sue

on the payment bond for the amount, or the balance thereof, unpaid at the time of institution of the civil action, prosecute such action to final judgment for the sum justly due him and have execution thereon. A claimant *not having a direct contractual relationship with the principal contractor* shall not have a right of action upon the payment bond unless (a) he has *within 30 days after furnishing the first of such material* or performing the first of such labor, *served on the principal contractor a written notice*, which shall inform the principal of the nature of the materials being furnished or to be furnished, or labor being performed or to be performed and identifying the party contracting for such labor or materials and the site for the performance of such labor or the delivery of such materials, and (b) he has *given written notice to the principal contractor and the governmental unit involved within 90 days from the date on which the claimant performed the last of the labor or furnished or supplied the last of the material* for which the claim is made, *stating with substantial accuracy the amount claimed* and *the name of the party* to whom the material was furnished or supplied or for whom the labor was done or performed. *Each notice shall be served by mailing* the same by certified mail, postage prepaid, in an envelope addressed to the principal contractor, the governmental unit involved, *at any place at which said parties maintain a business or residence*. The principal contractor shall not be required to make payment to a subcontractor of sums due from the subcontractor to parties performing labor or furnishing materials or supplies, except upon the receipt of the written orders of such parties to pay to the subcontractor the sums due such parties. [MCL 129.207; MSA 5.2321(7) (emphasis added).]

Plaintiff first argues that the packing slips enclosed with the supplies constitute sufficient notice as required under condition a of § 7. The written packing slips dated February 16, 1993, and March 23, 1993, and the three notices dated March 25, 1993, all contain a description of the materials shipped, identify

the party contracting for the materials (Michigan Brass & Electric), and indicate the address of the job site or place of delivery (Holt Elementary School). While the packing slips contain the information required by condition a of § 7, defendants argue that they do not constitute proper notice because (1) they were not mailed and (2) they were not sent to any place of business maintained by C & L.

With regard to the "mailing" requirement, the Supreme Court has stated:

> The purpose behind the thirty-day notice . . . is to provide principal contractors with detailed notice of a subcontractor's involvement on a project before, if not soon after, the commencement of that involvement. Such notice is necessary to ensure principal contractors knowledge regarding any possible claims to which their bonds might later be subjected and to assure that principal contractors are not prejudiced by having to pay out of a bond for labor or materials performed by third parties after already paying their subcontractors for that same labor or materials. So long as the principal contractors receive notice, the intent of the Legislature is fully complied with. To insist that the notice be given by certified mail would require insisting on "idle form." [*Pi-Con, Inc v A J Anderson Construction Co,* 435 Mich 375, 383-384; 458 NW2d 639 (1990).]

The Court agreed with the holding in *Fleisher Engineering & Construction Co v United States ex rel Hallenbeck,* 311 US 15, 19; 61 S Ct 81; 85 L Ed 12 (1940), that the "certified mail requirement is intended to ensure actual receipt and not to qualify the right to sue on a manner of delivery or proof of delivery." *Pi-Con, supra* at 387. Thus, delivery by certified mail is not a substantive requirement, and a plaintiff has a right to prove actual receipt of notice by a preponderance of the evidence. *Id.* at 386-387.

Here, both the "mailing" requirement and the "addressed to any place of business" requirement pertain to the "manner of delivery." The statute reflects the idea that a principal contractor may maintain more than one place of business by the use of the term "any" to describe the place of business. As C & L admitted in this case, a principal may maintain records pertinent to the job site at the job site location, rather than one centralized office. Given the use of the term "any," the Legislature presumably could have envisioned a job site as a place of business. We thus conclude that delivery to the job site alone is not fatal.

Plaintiff argues that C & L received "actual" notice that complies with the underlying concern of the notice requirement of § 7. C & L employee Raymond Strayer received the packing slips with the merchandise at the job site. Strayer is an electrician whose responsibilities were to install material and oversee the project at the job site. Strayer checked the packing slips against the material received, and then placed the packing slips in the job site file at the job site. After the project was completed, the file was taken to the main office and placed in a closed-project file. No one in the main office saw or checked the packing slips.

Condition a of § 7 requires the written notice to be "served" on the principal contractor. The use of the term "served" implies a more formal presentation of notice, rather than the informal and haphazard notice given through the use of a packing slip. It appears that the Legislature assumed that the materialman would have no need to notify the principal contractor of an involvement in the project with the subcontrac-

tor where the subcontractor has paid or prepaid the materialman for the supplies. Thus, the notice required under condition a of § 7 serves the purpose of giving the principal contractor the earliest possible notification that the materialman has not been paid for materials and supplies and that the materialman may make either a future demand for payment or future claim against the payment bond. See *Pi-Con, supra* at 386 (noting that the Legislature intended to protect public works bonds from claims by materialmen who did not notify the principal contractor).

Although the packing slips in the present case contain the information required by condition a of § 7, the purpose of the packing slip is to ensure mailing and delivery of the precise material ordered; that is, the packing slip only purports to constitute notice of the contents of the package. While the packing slips were actually received by Strayer, a field employee, they were apparently regarded by him as simply packing slips and not as notice under the statute. There is no evidence that the packing slips were received or seen by, or called to the attention of, the person or persons who would have received and been responsible for receiving the notice had it been properly served under the statute. Thus, under the facts of this case, the packing slips delivered to the job site do not fulfill the purpose of the notice requirement of condition a of § 7. Accordingly, we affirm the trial court's decision.

On cross appeal, defendants argue that plaintiff's claim was without arguable legal merit and, therefore, they were entitled to fees and costs under MCR 2.114(F), MCR 2.625(A)(2), and MCL 600.2591; MSA 27A.2591. We disagree. Plaintiff had a feasible claim

that the packing slips constituted proper notice because the slips contained the information required by condition a of § 7 and were received by a C & L employee. Thus, although we have concluded that the packing slips did not fulfill the purpose of condition a of § 7, plaintiff's claim was not without arguable legal merit.

Affirmed.