# STATE OF MICHIGAN

# COURT OF APPEALS

---

ERIC W KOOPMANS,

        Plaintiff,

v

RK JEWELERS, LLC, and LINDA KARELL,

        Defendants-Appellees,

and

LAKESHORE LEGAL COUNSEL,

        Appellant.

UNPUBLISHED
March 8, 2016

Nos. 324374; 325179
Ottawa Circuit Court
LC No. 14-003643-CZ

---

ERIC W KOOPMANS,

        Plaintiff-Appellant,

v

RK JEWELERS, LLC, and LINDA KARELL,

        Defendants-Appellees.

Nos. 324425; 325352
Ottawa Circuit Court
LC No. 14-003643-CZ

---

Before: METER, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

In a July 21, 2014 opinion and order, the trial court granted summary disposition under MCR 2.116(C)(4) and (C)(10) to defendants RK Jewelers, LLC and Linda Karell. The trial court also found that the claims of plaintiff Eric Koopmans were frivolous. In a September 15, 2014 order, the trial court granted defendants' motion for costs and fees and ordered Koopmans and Lakeshore Legal Counsel (Lakeshore), Koopmans's trial counsel, to pay $13,316.30, jointly and severally. In Docket Nos. 324374 and 324425, Lakeshore and Koopmans appeal by right the

-1-

September 15, 2014 order. In Docket Nos. 325179 and 325352, appellant and Koopmans appeal by leave granted the July 21, 2014 order.[1] All four appeals were consolidated by order of this court.[2] We reverse the portion of the trial court's July 21, 2014 order that granted summary disposition to defendants pursuant to MCR 2.116(C)(4), but affirm the grant of summary disposition to defendants under MCR 2.116(C)(10). We affirm the trial court's September 15, 2014 order of sanctions.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

RK Jewelers is a jewelry store located in Grand Haven, Michigan. Its sole member, Karell, is the mother of Lindsay Confer, Koopmans's ex-wife. Confer was the manager of RK Jewelers. In spring 2010, a woman approached Confer, as the manager of RK Jewelers, seeking to sell a ring, but RK Jewelers could not afford to buy it. According to Koopmans, Confer (who then was his wife) told him that he could buy the ring, using $4,000 of an inheritance he had received from his grandfather, and then sell it for a substantial profit. Confer also allegedly told Koopmans that, after he purchased the ring, RK Jewelers would sell it on consignment and give him all of the proceeds. Koopmans supplied the $4,000 to Confer[3], but when the ring finally sold in June 2012 for $10,000, Koopmans did not receive any of the proceeds.

Koopmans filed for divorce in July 2012 and, in the judgment of divorce, Koopmans released any claims that he had against Confer for proceeds from the sale of the ring. In February 2014, Koopmans sued RK Jewelers for breach of contract and unjust enrichment and sued RK Jewelers and Karell for statutory and common-law conversion, seeking to recover from defendants the proceeds from the sale of the ring and statutory damages. Defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that Koopmans did not have a consignment or other agreement with RK Jewelers. Confer testified at her deposition that she and Koopmans had decided to purchase the ring personally as an investment and sell it as a personal sale using the RK Jewelers storefront. Bank statements for RK Jewelers did not show any deposit related to the sale of the ring; nor did RK Jewelers have any records relating to the ring. The receipt for the sale of the ring was written out of Confer's personal receipt book and did not bear RK Jewelers' logo. Confer did testify that she spent a portion of the proceeds from the sale of the ring to buy lights for RK Jewelers, and that she spent more of her personal money to power-wash and paint the building; she was not sure whether any of this money came from the sale of the ring. Karell denied at her deposition receiving any money for the ring either personally or on behalf of RK Jewelers.

---

[1] *Koopmans v RK Jewelers, LLC*, unpublished order of the Court of Appeals, entered February 9, 2015 (Docket No. 325179); *Koopmans v RK Jewelers, LLC*, unpublished order of the Court of Appeals, entered February 9, 2015 (Docket No. 325352).

[2] *Koopmans*, unpublished order of the Court of Appeals, entered February 9, 2015 (Docket No. 325179).

[3] It appears that Confer claimed to have contributed an additional $500 toward the purchase.

The trial court granted summary disposition to defendants under both MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and (C)(10) (no genuine issue of material fact). Regarding subject-matter jurisdiction, the court found that the dispute regarding the disposition of the ring should be determined by the family division of the court in a post-divorce proceeding. Regarding the merits of the dispute, the trial court found no genuine issue of material fact concerning whether RK Jewelers or Karell had made any contract with or representations to Koopmans, or whether RK Jewelers or Karell had converted the ring or received any benefits from its sale.

Subsequently, the trial court found, given the absence of any evidence that RK Jewelers or Karell had converted the ring, breached a contract involving the ring, or made any representations about the ring or its sale, that Koopmans's claims were frivolous. The court thus found that the claims were devoid of merit, and further found that Koopmans had made them to harass Confer and her family. The trial court awarded sanctions in favor of defendants and against Koopmans and Lakeshore, jointly and severally, in the amount of $13,316.50. These appeals followed.

## II. SUMMARY DISPOSITION

Koopmans and Lakeshore argue that the trial court erred in granting summary disposition to defendants under both MCR 2.116(C)(4) and (C)(10). We agree regarding MCR 2.116(C)(4), but disagree regarding MCR 2.116(C)(10). Defendants argue that, regardless of the subrule under which summary disposition was granted, Koopmans's claims were barred by the equitable doctrines of res judicata, collateral estoppel, and equitable estoppel. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(4) if "[t]he court lacks jurisdiction of the subject matter." We must determine whether the affidavits, together with the pleadings, depositions, admissions, and other documentary evidence, demonstrate that the trial court lacked subject-matter jurisdiction. *CC Mid West, Inc v McDougall*, 470 Mich 878, 878; 683 NW2d 142 (2004). The determination whether a trial court has subject-matter jurisdiction over a claim is a question of law that is reviewed de novo. *Midwest Energy Coop v Mich Pub Serv Comm*, 268 Mich App 521, 522; 708 NW2d 147 (2005).

Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A court must construe the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009).

The application of res judicata and collateral estoppel are questions of law that this Court reviews de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). Likewise, this

Court reviews de novo the application of equitable estoppel. *West American Ins Co v Meridian Mut Ins Co*, 230 Mich App 305, 309; 583 NW2d 548 (1998).

## A. SUBJECT-MATTER JURISDICTION

Generally, subject-matter jurisdiction

is the right of the court to exercise judicial power over a class of cases, not the particular case before it; to exercise the abstract power to try a case of the kind or character of the one pending. . . . When a party appears before a judicial tribunal and alleges that it has been denied a certain right, and the law has given the tribunal the power to enforce that right, if the adversary has been notified, the tribunal must proceed to determine the truth or falsity of the allegations. [*Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826, 829 (1992) (internal citations omitted).]

In determining whether it has subject-matter jurisdiction, a court must look beyond the plaintiff's choice of labels to examine the true nature of the plaintiff's claims. *Manning v Amerman*, 229 Mich App 608, 613; 582 NW2d 539 (1998). A court is not bound by the choice of label because to do so would exalt form over substance. *Johnson v Livonia*, 177 Mich App 200, 208; 441 NW2d 41 (1989). The gravamen of a plaintiff's action is determined by considering the entire claim. *Maiden v Rozwood*, 461 Mich 109, 135; 597 NW2d 817 (1999).

Circuit courts are courts of general jurisdiction. *Manning*, 229 Mich App at 610. They are vested with "original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court . . . ." MCL 600.605. The family division of circuit courts have "sole and exclusive jurisdiction" over "cases of divorce and ancillary matters." MCL 600.1021(1)(a); see also *Reed v Reed*, 265 Mich App 131, 158; 693 NW2d 825 (2005). In a divorce action, the jurisdiction of the court is limited to determining the rights and obligations between the husband and the wife. *Estes v Titus*, 481 Mich 573, 582-583; 751 NW2d 493 (2008); *Smela v Smela*, 141 Mich App 602, 605; 367 NW2d 426 (1985). It has no authority to adjudicate the rights of third parties. *Thames v Thames*, 191 Mich App 299, 302; 477 NW2d 496 (1991).

In his complaint, Koopmans alleged that he had a consignment agreement with RK Jewelers. He further alleged that RK Jewelers breached the agreement and that defendants converted the proceeds when RK Jewelers failed to give him the proceeds from the sale of the ring. Koopmans also alleged that RK Jewelers was unjustly enriched when it refused to give him the proceeds. Koopmans could not have brought these claims against defendants in the divorce action. The claims seek to adjudicate the rights of defendants, who would have been third parties

in the divorce action. *Estes*, 481 Mich at 582-283, *Thames*, 191 Mich App at 302. Thus, the trial court erred in granting summary disposition to defendants under MCR 2.116(C)(4).[4]

## B. RES JUDICATA, COLLATERAL ESTOPPEL, AND EQUITABLE ESTOPPEL

Defendants argue that, even if the trial court had subject-matter jurisdiction, Koopmans was precluded by the doctrines of res judicata, collateral estoppel, and equitable estoppel from relitigating "material questions" regarding the sale of the ring. We disagree.

Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical. *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 43; 795 NW2d 229 (2010). Res judicata applies if (1) the prior action was decided on the merits, (2) the prior decision resulted in a final judgment, (3) both actions involved the same parties or those in privity with the parties, and (4) the issues presented in the subsequent case were or could have been decided in the prior case. *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013). Regarding the fourth element, "[r]es judicata bars every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v Michigan*, 470 Mich 105, 123; 680 NW2d 386 (2004). In the present case, Koopmans asserted claims of breach of contract, statutory and common-law conversion, and unjust enrichment against defendants. These claims could not have been brought in the divorce action because, again, defendants would have been third parties in the divorce action, and a court in a divorce action has no authority to adjudicate the rights of third parties. *Thames*, 191 Mich App at 302. Accordingly, res judicata does not bar the pending litigation.

Collateral estoppel also does not preclude the present litigation. Collateral estoppel prohibits relitigation of an issue in a new action arising between the same parties when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in the prior proceeding. *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). Collateral estoppel requires that (1) a question of fact necessary to the judgment was actually litigated and determined by a valid and final judgment, (2) the parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel. *Estes*, 481 Mich at 499. To be actually litigated, a question must be put into issue by the pleadings, submitted to the trier of fact, and determined by the trier. *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529; 866 NW2d 817 (2014). No issue regarding the

---

[4] Prevalent in the parties' arguments is a dispute over whether the proceeds from the sale of the ring were a marital asset or Koopmans's separate property. The dispute was not resolved by the judgment of divorce. Because Koopmans released any claim that he had against Confer for the proceeds, the trial court in the divorce action did not make any determination whether the proceeds were a marital asset or Koopmans's separate property. We will not address this dispute. The parties have not provided any case law suggesting that resolution of the dispute is necessary for a proper adjudication of Koopmans's claims as pleaded, and we have found none suggesting that Koopmans's ability to bring claims for breach of contract, conversion, or unjust enrichment is limited or altered by the property's designation as marital or separate property.

proceeds from the sale of the ring was ever submitted to and determined by the trier of fact in the divorce action.

Finally, equitable estoppel prohibits the opposing party from asserting or denying the existence of a particular fact. *West American Ins Co v Meridian Mut Ins Co*, 230 Mich App 305, 309; 583 NW2d 548 (1998). It applies "where (1) a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts." *Id*. Defendants do not identify any reliance or action by them on a belief that was induced by Koopmans. We therefore conclude that equitable estoppel does not bar Koopmans's claim.

## C. GENUINE ISSUE OF MATERIAL FACT

Having found no bar to Koopmans's claims based on res judicata, collateral estoppel or equitable estoppel, we next address the trial court's grant of summary disposition to defendants under MCR 2.116(C)(10), and hold that the trial court did not err.

To prevail on a breach of contract claim, a plaintiff must establish that (1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the plaintiff. *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014).[5] Based on our de novo review of the evidence presented to the trial court, RK Jewelers was entitled to summary disposition on the breach of contract claim. Consideration is required for a valid contract. *Meyer & Anna Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 58; 698 NW2d 900 (2005). For consideration to exist, there must be a bargained-for exchange. *Gen Motors Corp v Dep't of Treasury*, 466 Mich 231, 238; 644 NW2d 734 (2002). Koopmans initially testified that the agreement was that he would get all of the proceeds from the sale of the ring. If this was true, the alleged agreement was not supported by consideration. There was no benefit flowing to RK Jewelers, or a detriment to Koopmans, for RK Jewelers' act of selling the ring on consignment. See *id*. at 238-239. We acknowledge that Koopmans later testified that his understanding of the agreement was that he would receive most or all of the proceeds from the sale of the ring. However, in order to form a contract, there must be a meeting of the minds on all essential terms. *Burkhardt v Bailey*, 260 Mich App 636, 654; 680 NW2d 453 (2004). Consideration is an essential term of a contract. See *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 454; 733 NW2d 766 (2006); *Zurcher v Herveat*, 238 Mich App 267, 290-291; 605 NW2d 329 (1999). Even giving the benefit of the doubt to Koopmans, there

---

[5] In granting summary disposition to defendants, the trial court relied on the fact that there was no evidence that defendants were involved in the purchase and sale of the ring. However, a principal is bound by an agent's actions that are within the agent's actual or apparent authority. *James v Alberts*, 464 Mich 12, 15; 626 NW2d 158 (2001). Based on the evidence, there can be no dispute that Confer was RK Jewelers' agent, and she had actual authority to enter into consignment agreements for RK Jewelers. Thus, the fact that Koopmans only discussed the ring with Confer is not dispositive of the breach of contract claim.

-6-

is no evidence on which reasonable minds could differ regarding whether there had been a meeting of the minds on all essential terms. *West*, 469 Mich at 183. Koopmans was unable to offer any testimony regarding what specific consideration supported the contract. He simply "imagined" that he would receive most, if not all, of the proceeds of the sale of the ring. Where Koopmans's testimony, even when viewed in a light most favorable to him, *Liparoto Constr, Inc*, 284 Mich App at 29, does not establish a meeting of the minds on consideration, Koopmans has failed to establish a genuine issue of material fact regarding the existence of consideration. See *Detroit v General Motors Corps*, 233 Mich App 132, 139; 152 NW2d 732 (1998) (Parties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof to establish a genuine issue of material fact). We affirm the trial court's grant of summary disposition to RK Jewelers under MCR 2.116(C)(10) on the breach of contract claim.

To prevail on a statutory or common-law claim for conversion, a plaintiff must show a "distinct act of dominion wrongfully exerted over another person's property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 497 Mich 337, 346; 871 NW2d 136 (2015). An action can be maintained for the conversion of money if there was an obligation on the part of the defendant to return the specific money. *Citizens Ins Co of America v Delcamp Truck Ctr, Inc*, 178 Mich App 575, 576; 444 NW2d 210 (1989). Here, Confer testified at her deposition that the money paid for the ring was not put into RK Jewelers' bank bag, nor was it deposited into RK Jewelers' bank account. Rather, Confer put the money in her safe, bank bag, or wallet and later spent it. Karell testified that the statements for RK Jewelers' bank account did not show any deposits related to the sale of the ring. Koopmans has not presented any evidence that would support a finding that RK Jewelers ever exerted dominion over the proceeds from the sale of the ring. Accordingly, even viewing the evidence in a light most favorable to Koopmans, *Liparoto Constr, Inc*, 284 Mich App at 29, no genuine issue of material fact exists regarding whether RK Jewelers wrongfully exerted dominion over the proceeds. Because RK Jewelers did not exert dominion over the proceeds, there is no conversion by RK Jewelers for which Karell could be held liable; nor did Koopmans present evidence that Karell directly exerted any dominion over the proceeds. See *Citizens Ins Co of America*, 178 Mich App at 576. We therefore affirm the trial court's grant of summary disposition to defendants on the conversion claims.

Finally, to prevail on a claim for unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. *Karaus v Bank of New York Mellon*, 300 Mich App 9, 22-23; 831 NW2d 897 (2012). If the defendant is unjustly enriched at the plaintiff's expense, the law will imply a contract to prevent unjust enrichment. *Id*. However, not all enrichment is unjust. *Id*. "One is not unjustly enriched . . . by retaining benefits involuntarily acquired which law and equity give him absolutely without any obligation on his part to make restitution. *Tkachik v Mandeville*, 487 Mich 38, 48; 790 NW2d 260 (2010) (quotation omitted). Koopmans's claim for unjust enrichment is based on the allegation that Confer used some of the proceeds from the sale of the ring for the benefit of RK Jewelers. However, even viewing the evidence in a light most favorable to the prosecution, *Liparoto Constr, Inc*, 284 Mich App at 29, any enrichment of RK Jewelers was not unjust or inequitable, and reasonable minds could not conclude otherwise. Karell's testimony showed that she had

very minimal knowledge about the lights that Confer indicated she had bought for RK Jewelers, or about the power-washing or painting for which Confer had paid (possibly using proceeds from the sale of the ring). Nothing in the record indicates that RK Jewelers, through Karell, had any knowledge at all that the lights, power-washing, or painting were paid for using proceeds from the sale of the ring. Because the evidence, even viewed in the light most favorable to the non-movants, only supports a conclusion that any enrichment of RK Jewelers was innocent, we affirm the trial court's grant of summary disposition to RK Jewelers, under MCR 2.116(C)(10), on the unjust enrichment claim.

## III. FRIVOLOUSNESS

Koopmans and Lakeshore also argue that the trial court erred in finding that Koopmans's claims were frivolous. We disagree.

We review a trial court's finding that a claim was frivolous for clear error. *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 533; 773 NW2d 57 (2009). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. at 534 (quotation omitted).

The signature of an attorney or a party, regardless whether the party is represented by an attorney, constitutes a certification that (1) the signer has read the document, (2) to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry, the document is well-grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. MCR 2.114(D). If a document is signed in violation of this rule, the court shall impose an appropriate sanction on the person who signed it, the represented party, or both. MCR 2.114(E). In addition to sanctions under MCR 2.114, a party who pleads a frivolous claim is subject to costs as provided in MCR 2.625(A)(2). Pursuant to MCR 2.625(A)(2), if a court finds that an action was frivolous, costs shall be awarded as provided by MCL 600.2591(A)(2). MCL 600.2591(A) provides, in pertinent part:

> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

> (3) As used in this section:

> (a) "Frivolous" means that at least 1 of the following conditions is met:

> (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

> (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit.

The determination whether a claim is frivolous must be based on the circumstances at the time it was asserted. *Jericho Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 36; 666 NW2d 310 (2003). The mere fact that a plaintiff does not prevail does not render a claim frivolous. *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002). See also *Thomas Indus, Inc v C & L Electric, Inc*, 216 Mich App 603, 610-611; 550 NW2d 558 (1996) (holding that the plaintiff's claim was not frivolous because his legal argument was "feasible").

Regarding Koopmans's breach of contract claim, Confer was the manager of RK Jewelers, a fact surely known by Koopmans. Because an agent is one who acts for or represents another, *Mallory v Conida Warehouses, Inc*, 113 Mich App 280, 285; 317 NW2d 597 (1982), Koopmans's claim that he had a contract with RK Jewelers, through discussions with Confer, had arguable legal merit. However, a contract requires consideration. *Meyer & Anna Prentis Family Foundation, Inc*, 266 Mich App at 58. Koopmans initially testified that the agreement was that he would receive all of the proceeds from the sale of the ring. This testimony was consistent with the allegations in the complaint, where Koopmans alleged that Confer had told him that RK Jewelers, after it sold the ring on consignment, would deliver the proceeds to him and that RK Jewelers breached the contract by failing to pay him the proceeds. As previously discussed, if the agreement was for Koopmans to receive all of the proceeds from the sale of the ring, there was no consideration for the contract. Because the alleged contract was clearly not supported by consideration, Koopmans's position that he had a contract with RK Jewelers was devoid of arguable legal merit. The trial court thus did not clearly err in finding that the breach of contract claim was frivolous. *LaFayette East Coop, Inc*, 284 Mich App at 533.

Regarding the conversion claims, Koopmans had to show that defendants engaged in a wrongful act of dominion over the proceeds that was in denial or inconsistent with his rights. *Aroma Wines & Equip, Inc*, 497 Mich at 346. Based on his conversation with Confer, Koopmans testified that he believed that RK Jewelers would sell the ring on consignment and give him all of the proceeds from the sale. After being displayed at RK Jewelers, the ring was sold. Koopmans learned of the sale from Confer, but he did not receive any of the proceeds from the sale. However, Koopmans's messages to Confer regarding the proceeds of the ring appear to reveal his belief that Confer had dominion over the proceeds, such as when he invited her to "split" the proceeds of the ring and referred to "your [Confer's] profit" from the sale of the ring. Further, Koopmans never presented any evidence that RK Jewelers or Karell had ever exerted dominion over the proceeds of the ring. Under these circumstances, we conclude that the Court did not clearly err in finding that the conversion claims were frivolous. *LaFayette East Coop, Inc*, 284 Mich App at 533.

However, regarding the unjust enrichment claim, Koopmans testified that Confer had told him that the proceeds had gone "back into the business," and he therefore advanced a "feasible" argument that Koopmans had provided a benefit to RK Jewelers and that the retention of that benefit by RK Jewelers had resulted in an inequity to Koopmans. *Karaus*, 300 Mich App at 22-23; *Thomas Indus, Inc*, 216 Mich App at 610-611. Nothing in the record indicates that Koopmans lacked a reasonable basis to believe that the allegations were not true when he made them. The trial court clearly erred in finding that the unjust enrichment claim was frivolous. *LaFayette East Coop, Inc*, 284 Mich App at 533.

Although the trial court clearly erred in finding the unjust enrichment claim to be frivolous, we affirm the award of sanctions. MCR 2.114(F) provides that "a party pleading *a* frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)" (emphasis added). In *Robinson v Detroit*, 462 Mich 439, 461; 613 NW2d 307 (2000), the Supreme Court recognized a difference between the words "the" and "a": " 'The' is defined as 'definite article. 1. (used, esp. before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article a or an) . . . .' " *Random House Webster's College Dictionary*, p 1382" (quotation omitted). Under the court rules, it is well established that a plaintiff may plead multiple claims against a defendant. See MCR 2.203(A), (B). The Supreme Court chose to make *a* frivolous claim sanctionable. The use of "a" in the MCR 2.114(F) supports that the court rule does not require that all claims asserted by Koopmans be found frivolous for sanctions to issue. See *In re Costs & Attorney Fees*, 250 Mich App 89, 103; 645 NW2d 697 (2002).

Further, if a plaintiff pleads a frivolous claim, the plaintiff is subject to costs as provided in MCR 2.625(A)(2), which provides that costs shall be awarded as provided in MCL 600.2591. The costs and fees awarded under MCL 600.2591 are "*all* reasonable costs actually incurred by the prevailing party . . . ." (emphasis added). We therefore see no need to reverse or remand the trial court's award of sanctions, notwithstanding our conclusion that one of Koopmans's claims was not frivolous, especially when the claims were as intertwined as they were in this case, such that the bulk of the discovery conducted and evidence presented related both to the frivolous claims and to the unjust enrichment claim.

Finally, we deny defendants' request for sanctions for a vexatious appeal. This request is not properly before the Court, as it was not made in a motion filed under MCR 7.211(C)(8). See MCR 7.216(C)(1); *Bonkowski v Allstate Ins Co*, 281 Mich App 154, 181; 761 NW2d 784 (2008). Also, because we conclude that the trial court erred in granting summary disposition under MCR 2.116(C)(4) and the trial court clearly erred in finding that Koopmans's claim for unjust enrichment was frivolous, the appeals were not vexatious.

In Docket Nos. 325179 and 325352, we reverse the trial court's grant of summary disposition under MCR 2.116(C)(4) but affirm the grant of summary disposition under MCR 2.116(C)(10). In Docket Nos. 324374 and 324425, we affirm the September 15, 2014 order awarding defendants costs and fees.

/s/ Patrick M. Meter
/s/ Mark T. Boonstra
/s/ Michael J. Riordan